IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

STEVEN J FRATO JR
22 LILAC LANE
BARNEGAT, NJ 08005
845-545-6399
fratosteven@gmail.com

Plaintiff, *Pro Se*

| | |
|---|---|
| STEVEN J. FRATO JR, <br><br> Plaintiff, <br><br> vs. <br><br> CAPITAL MANAGEMENT SERVICES L.P., <br> A DELEWARE CORPORATION, <br><br> Defendant | Docket No:_____ |

### CIVIL ACTION COMPLAINT

Plaintiff STEVEN J FRATO JR (hereinafter, "Plaintiff"), a New Jersey resident, brings this Complaint, against Defendant CAPITAL MANAGEMENT SERVICES, LP (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.  The Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et. seq.* is a federal law enacted in 1991 in the United States to address concerns related to unwanted telemarketing calls and protect consumer privacy. The TCPA restricts certain types of telephone solicitations, including auto-dialed calls, pre-recorded voice messages, text messages, and fax messages. It

1

also establishes guidelines for obtaining prior express consent from consumers and provides consumers with the right to sue for unlawful communications.

2. One of the notable provisions of the TCPA is its grant of a private right of action to consumers who receive unlawful communications in violation of the law's provisions. Section 227(b)(3) of the TCPA allows individuals to file lawsuits and seek damages for each violation, with statutory damages ranging from $500 to $1,500 per violation, depending on the willfulness of the violation. This provision empowers consumers to take legal action against entities that engage in prohibited practices, such as making unsolicited telemarketing calls or sending unsolicited text messages, and provides a deterrent effect against non-compliance.

3. Since July 2003, consumers who do not want to receive unsolicited telemarketing calls to their residential landlines and wireless lines can register their numbers on the DNC Registry, which is a national database administered by the Federal Trade Commission (FTC). Companies engaged in telemarketing must have procedures in place to avoid calling numbers on the DNC Registry. Once a number is registered on the DNC Registry, businesses have 31 days to update their records (47 C.F.R. § 64.1200(c)(2)(i)(D)).

4. Under the TCPA, a company cannot call consumers who have contacted it and requested not to receive telemarketing calls made by or on behalf of that company. In fact, the TCPA prohibits companies from making calls (or having others make calls on their behalf) for telemarketing purposes unless and until they have instituted adequate procedures to maintain an internal DNC list. Those procedures must meet the FCC's minimum standards, which include a written policy. Companies engaged in telemarketing must have a written policy, available on demand, for maintaining a DNC list.

## PARTIES

5.     Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

6.     Upon information and belief, Capital Management Services L.P. is a Limited Partnership existing under the Laws of the State of Delaware with its principal office located at 698 ½ South Ogden Street, Buffalo, New York 14206 while also doing business within this judicial district that is engaged in the business of collecting debts from consumers in the State of New Jersey.

7.     Defendant's registered agent from the service of process in New Jersey is Corporation Service Company located at 100 Charles Ewing Blvd, Ewing, NJ 08628, Suite 160.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the case arises under the laws of the United States, presenting a federal question. Plaintiff's claims for relief are predicated upon the TCPA, 47 U.S.C. § 227 , a federal statutory law, therefore, this action presents a federal question within this Court's jurisdiction.

9.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district. Plaintiff is a resident of this district. The Defendant intentionally contacts residents of this district to conduct business, thereby establishing substantial ties to the district. Therefore, this district is

3

the appropriate venue for the actions alleged in this complaint. The offending phone calls were also received by Plaintiff within this district.

The Growing Problem Of Automated Telemarketing

10. As the Supreme Court explained at the end of its term in 2019, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2343 (2020).

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years. U.S. Endures 4.7 Billion Robocalls in July, According to YouMail Robocall Index, YouMail (Aug. 6, 2019, 9:00 AM), https://www.prnewswire.com/news-releases/us-endures-4-7-billion-robocalls-in-july-according-to-youmail-robocall-index-300895976.html [https://archive.is/pnU5s].

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. Consumer Complaint Data Center, FCC, www.fcc.gov/consumer-help-center-data [https://archive.is/wip/ojuBF].

## LEGAL CLAIMS

13. Plaintiff maintains a personal cell phone number ending in 6399 for about 10 years.

14. Plaintiff is on the national Do Not Call Registry as of February 04, 2023.

15. Plaintiff never provided his consent to be contacted via his personal cell phone to Capital Management Services L.P.

16. While operating in New Jersey, Defendant failed to adopt or maintain a Do Not Call Policy as required by the TCPA and other relevant federal laws.

17. While operating in New Jersey, Defendant utilized an automated telephone dialing system (ATDS) in violation of the TCPA. Upon information and belief, Defendant's ATDS also has the capacity to and does, sequentially dial telephone numbers stored as a list or in a database without human intervention.

18. While operating in New Jersey, Defendant willfully engaged in fraudulent spoofing of telephone number which when called back, did not ring.

19. While operating in New Jersey, Defendant willfully called the Plaintiff at least twenty-nine times.

20. Defendant's business model is predicated on violation of the TCPA as evidenced by their litigation history, in which multiple consumers have sued over the Defendant's blatant disregard of the TCPA. [1]

21. On several occasions when the Plaintiff answered the Defendants calls, the Defendant asked to speak to a party who is not the Plaintiff. Even after the Plaintiff explained multiple times he is not the person whom they are attempting to reach, the Defendant continued to call.

---

[1] Nguyen v. Capital Management Services, L.P., 3:16-cv-02366, (S.D. Cal.), McKenna v. Capital Management Services, L.P., 3:17-cv-00305, (S.D. Cal.)

5

22. The Plaintiff asked not to be called again since he was not the individual with the alleged debt, however, still received phone calls and scripted voicemails of an impersonal nature.

23. When the Plaintiff attempted to ask what the call was for the Defendant on multiple occasions stated "It is a personal business matter.", reflecting the commercial nature of the calls placed to the Plaintiff.

24. When the Defendant was asked by the Plaintiff if they are a debt collector, the Defendant refused to answer, instead deflecting and stating "It is a personal business matter."

25. Eventually after the Plaintiff's receipt of the aforementioned correspondence from defendant concerning the alleged debt, plaintiff forwarded 2 pieces of written correspondence sent to CMS simultaneously by certified mail, return receipt requested, wherein plaintiff: disputed the alleged debt in its entirety. To this day the Defendant has not responded.

26. The Plaintiff has suffered damages as a result of Defendant's acts / omissions including, but not limited to harassment, annoyance, inconvenience, emotional distress, intrusion into his seclusion, and invasion of privacy.

27. Table 1: Calls Made to Plaintiff in Violation of TCPA

| Date | # Called From | Callback # | Name of Caller |
|---|---|---|---|
| 5/12/23 | 8457516357 | 18005042401 | Joe Estrada |
| 5/25/23 | 8457516483 | 18005042401 | Cindy Bannister |
| 6/1/23 | 8457516495 | 18005042401 | Carrie Sabin |
| 6/5/23 | 8455456399 | 18005042401 | Erica Calhoun |
| 6/9/23 | 8457516463 | No Voicemail Received | No Voicemail Received |

| Date | Number | Col3 | Col4 |
|---|---|---|---|
| 6/12/23 | 8457516463 | No Voicemail Received | No Voicemail Received |
| 6/14/23 | 8457516571 | No Voicemail Received | No Voicemail Received |
| 6/16/23 | 8457516483 | 18005042401 | Carrie Sabin |
| 6/19/23 | 8457516483 | No Voicemail Received | No Voicemail Received |
| 6/20/23 | 8457516571 | No Voicemail Received | No Voicemail Received |
| 6/21/23 | 8457518315 | No Voicemail Received | No Voicemail Received |
| 6/26/23 | 8457516571 | No Voicemail Received | No Voicemail Received |
| 6/27/23 | 8456048315 | No Voicemail Received | No Voicemail Received |
| 6/28/23 | 8457516483 | 18005042401 | Frederick Bruce |
| 6/30/23 | 8456048315 | No Voicemail Received | No Voicemail Received |
| 7/3/23 | 8456048315 | No Voicemail Received | No Voicemail Received |
| 7/5/23 | 8457517224 | No Voicemail Received | No Voicemail Received |
| 7/5/23 | 8457517224 | No Voicemail Received | No Voicemail Received |
| 7/6/23 | 8457517161 | No Voicemail Received | No Voicemail Received |
| 7/10/23 | 8457517192 | No Voicemail Received | No Voicemail Received |
| 7/12/23 | 8457517192 | No Voicemail Received | No Voicemail Received |
| 7/13/23 | 8457517192 | No Voicemail Received | No Voicemail Received |
| 7/17/23 | 8457517224 | No Voicemail Received | No Voicemail Received |
| 7/19/23 | 8457517192 | No Voicemail Received | No Voicemail Received |
| 7/20/23 | 8457517224 | No Voicemail Received | No Voicemail Received |
| 7/24/23 | 8457517161 | No Voicemail Received | No Voicemail Received |
| 7/26/23 | 8457517412 | No Voicemail Received | No Voicemail Received |
| 7/27/23 | 8457517349 | No Voicemail Received | No Voicemail Received |

**COUNT I**

**KNOWING AND WILLFUL VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227 *et. seq.*)**

28.   Plaintiff incorporates by reference, repeats and realleges each and every prior paragraph of this Complaint as if fully set forth herein.

29.     The violations in this Count are applicable to each and every telephone call described within "Table 1" which lists the calls received by Plaintiff from Defendants.

30.     Defendants placed at least twenty-nine unsolicited telemarketing calls to Plaintiff's cellular telephone number using an ATDS in violation of 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(D).

31.     By placing at least twenty-nine telemarketing calls to the Plaintiff using both an ATDS and with an artificial or pre-recorded voice, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

32.     This amounts to fifty-eight violations since Defendants committed two violations per call. The first violation is using an ATDS to call a number for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A)(iii). The second violation is by calling a residential line with an artificial or pre-recorded voice, which is a separate violation that does not require proving that an ATDS was used. 47 U.S.C. § 227(b)(1)(B).

33.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute at least fifty-eight violations of the TCPA, 47 U.S.C. § 227(b), by making calls, except for emergency purposes, to the residential telephone line of Plaintiff using an artificial or prerecorded voice and through the initiation of calls using an ATDS to a number for which the called party is charged for the calls.

34.     The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B).

**COUNT II**
**VIOLATION OF THE TCPA'S IMPLEMENTING REGULATIONS CODIFIED AT 47 C.F.R. § 64.1200 *et. seq.***

35. Plaintiff incorporates by reference, repeats and realleges each and every prior paragraph of this Complaint as if fully set forth herein.

36. By placing at least twenty-nine telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff on their internal Do-Not-Call list, Defendant violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d) and their subsections.

37. This amounts to eighty-seven violations since Defendants committed three violations per call. The first violation is calling a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2). The second violation is by calling Plaintiff without having a Do-Not-Call policy in place. 47 C.F.R. § 64.1200(d)(1). The third violation is by calling Plaintiff without maintaining the Plaintiff on their internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6).

38. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute at least eighty-seven violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, inter alia, refusing to scrub against the National Do-Not-Call registry, refusing to maintain Mr. Frato's number on an internal Do-Not-Call list, and failing to have a written Do-Not-Call policy that meets the minimum federal standards.

39. The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendants for:

A. Knowing and willful violations of the TCPA's restrictions in 47 U.S.C. § 227(b), in the amount of $1500 per violation

B. Because of Defendants' knowing and willful violations of the TCPA's implementing regulations, in the amount of $1500 in damages for each violation under 47 U.S.C. § 227(c)(5).

C. Eighty-seven knowing and willful violations under the TCPA implementing regulations at $1500 each, amounting to $130,500 in statutory damages. As well as fifty- eight knowing and willful violations under TCPA statute at $1500 each, amounting to $87,000 in statutory damages, totaling $217,500.

D. Post and Pre - judgment interest

E. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff hereby demands a jury trial for this matter.

July 28, 2023

Steven J Frato Jr

10