**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. FRATO, JR., <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL MANAGEMENT SERVICES L.P., <br><br> Defendant. | Civil Action No. 23-4049 (MAS) (JBD) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

On July 28, 2023, Plaintiff Steven J. Frato, Jr. ("Plaintiff"), proceeding pro se, filed a Complaint (ECF No. 1) against Defendant Capital Management Services, L.P. ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and implementing regulations, 47 C.F.R. § 64.1200 *et seq.* Before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") without prepayment of fees under 28 U.S.C. § 1915 ("IFP Application"). (IFP Appl., ECF No. 1-2.) Having reviewed the IFP Application, the Court grants Plaintiff IFP status. The Court, accordingly, screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court finds that Plaintiff's claims are sufficient to proceed under 28 U.S.C. § 1915(e)(2)(B).

## I.      **BACKGROUND**

Plaintiff brings the instant Complaint under the TCPA and accompanying regulations alleging that Defendant made at least twenty-nine unsolicited telemarketing calls to Plaintiff's personal cell phone number from May 12, 2023 to July 27, 2023. (Compl. ¶¶ 19, 27, 30, ECF No. 1.) Upon answering Defendant's calls, Defendant's representatives indicated to Plaintiff that they were seeking to recover a debt[1] and asked to speak with an individual who was not Plaintiff. (*Id.* ¶¶ 21-22.) Despite explaining "multiple times" that Plaintiff was not the person whom Defendant was attempting to reach and asking not to be called again, Plaintiff continued to receive phone calls from Defendant, which included "scripted voicemails of an impersonal nature." (*Id.*) These calls were also made notwithstanding that Plaintiff placed himself on the "Do Not Call Registry" as of February 4, 2023. (*Id.* ¶ 14.) Plaintiff alleges that Defendant did not have a right to collect any debt from him, nor did Defendant come forward with proof of its right to collect a debt after Plaintiff disputed that any debt was owed. (*Id.* ¶ 25.)

Because Plaintiff "never provided his consent to be contacted via his personal cell phone" by Defendant, Plaintiff claims that Defendant violated the TCPA in failing to maintain a "Do Not Call Policy" under 47 U.S.C. § 227(c)(5) and placed unlawful telephone calls to Plaintiff via an automated telephone dialing system ("ATDS") in contravention of 47 U.S.C. § 227(b)(1)(A) and § 227(b)(1)(D). (*Id.* ¶¶ 15, 30, 36.) Damages arising from Defendant's acts or omissions including, but not limited to, harassment, annoyance, and invasion of privacy, are pled under 47 U.S.C. § 227(b)-(c). (*Id.* ¶¶ 26, 34, 39.)

---

[1] When Plaintiff asked if Defendant was a debt collector, Defendant's representative "refused to answer" and indicated that he or she was calling for "a personal business matter." (Compl. ¶ 24.)

## II.    LEGAL STANDARD

An IFP application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed [IFP]." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time if the court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure[2] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Rule 8(a)(2) "requires [a complaint to contain] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must

---

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). While pro se pleadings are to be liberally construed in conducting such an analysis, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.   **DISCUSSION**

A.   **IFP Application**

Under 28 U.S.C. § 1915(a), an application to proceed IFP must contain an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. 28 U.S.C. § 1915(a); *Roy v. Penn Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1, n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision to grant or deny an IFP application is based solely upon the economic eligibility of the applicant. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Here, Plaintiff's IFP Application is complete and indicates that Plaintiff is unable to pay fees or post securities necessary to maintain this action. (*See generally* IFP Appl.) In support of his IFP Application, Plaintiff submitted a sworn statement of all his assets, income, and expenses. (*Id.*) The IFP Application indicates that Plaintiff has been unemployed since March 2023. (*Id.* at 2.) In the last year, Plaintiff has earned an estimated monthly income of $300.00. (*Id.* at 1.) He further indicates that he does not have a checking or savings account, and does not have any major

4

assets, such as real property or financial securities.[3] (*Id.* at 2.) Plaintiff has one car valued at $10,000, approximately $200.00 in cash, and expenses of $300.00 per month. (*Id.* at 2-4.) Because Plaintiff's monthly expenses are equivalent to his monthly income, the Court finds that Plaintiff is unable to pay the filing fee. The Court therefore grants Plaintiff's application to proceed IFP in this case.

**B.     Complaint Screening**

Notwithstanding the payment of any filing fee or portion thereof, a complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) must still undergo the court's mandatory and *sua sponte* review. Dismissal is warranted to the extent that a complaint is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*i.     Subject Matter Jurisdiction*

Having granted Plaintiff IFP status, the Court begins with its independent obligation to satisfy itself of its subject matter jurisdiction. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (stating that the Court "always has jurisdiction to determine its [own] jurisdiction." (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002))). Subject-matter jurisdiction exists if there is diversity of parties or a federal question exists. 28 U.S.C. §§ 1441(a)-(b).

Plaintiff's Complaint does not invoke diversity jurisdiction. The Court thus turns to whether federal question jurisdiction exists. "Federal question jurisdiction exists only if a federal

---

[3] Plaintiff states that he is currently an unemployed college student living with his parents and does not have the means of paying the filing fee for this case. *See Ekperigin v. Vanderbilt Univ.*, No. 24-232, 2024 WL 898205, at *2 (M.D. Tenn. Mar. 1, 2024) (granting IFP application where the plaintiff was a college student "on a federal work study grant [with] limited cash resources available to her."); *Marin v. Carroll*, No. 21-1453, 2021 WL 3726009, at *1 (S.D. Cal. Aug. 23, 2021) (same).

question is presented on the face of the complaint." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011). In short, Plaintiff correctly notes that this Court has subject matter jurisdiction over the action under 28 U.S.C. § 1331 as his Complaint brings claims under the TCPA. (*See* Compl. ¶¶ 8-9.) The TCPA provides a private right of action for individual plaintiffs in federal court. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371-72 (2012) (holding federal and state courts have concurrent jurisdiction over 47 U.S.C. § 227 cases and that the generous state jurisdiction provisions in 47 U.S.C. § 227(b)(3) in no way infringe on a federal court's jurisdictional powers); *see also Cellco P'ship v. Wilcrest Health Care Mgmt.*, No. 09-3534, 2012 WL 1638056, at *1 (D.N.J. May 8, 2012) (noting that federal question jurisdiction exists for claims brought under the TCPA). Plaintiff has thus shown that this Court may exercise jurisdiction over this action.

    *ii.*    *Claim Analysis*

    Turning to the allegations presented, the core of Plaintiff's Complaint alleges that Defendant violated the TCPA by placing at least twenty-nine unsolicited telemarketing calls to Plaintiff's cellular telephone number via an ADTS. (*See* Compl. ¶ 30 (citing 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(D).) It is further alleged that by making unsolicited calls to Plaintiff, whose phone number was on the "Do Not Call Registry," Defendant failed to properly implement a written Do Not Call policy and keep Plaintiff on a Do Not Call list. (*See id.* ¶ 36 (citing 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)).)

    Congress enacted the TCPA as a means "to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that the TCPA was enacted in response to the increased number of consumer complaints due to a larger

6

number of telemarketing calls, which Congress considered to be "nuisance[s] and invasion[s] of privacy."). In advancing Congress's intent, the TCPA forbids making "any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). It is unlawful to use "an [ADTS] . . . without the express consent of the called party, to call . . . any cellular telephone[.]" *Mims*, 565 U.S. at 373. An autodialed call to both cellular phones and land lines is lawful if "the recipient has granted permission to be called at the number which they have given." *Gager*, 727 F.3d at 268 (citations omitted).

It follows that to state a cause of action under the TCPA, a plaintiff must allege: "(1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent." *Todd v. Citibank*, No. 16-5204, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017) (citation omitted). The Court is satisfied that Plaintiff's Complaint makes this *prima facie* showing. As stated, Plaintiff alleges that over the course of nearly two months, Defendant made twenty-nine harassing phone calls to his personal phone, many of which came from an ADTS. (Compl. ¶ 30.) Plaintiff alleges he never provided his consent to be contacted via his personal phone by Defendant and expressly asked to not be called again. (*Id.* ¶ 22.) Defendant nevertheless continued to place calls to Plaintiff and left automated voicemails on his cell phone. (*Id.*) With these facts alleged, the Court finds Plaintiff has stated a plausible claim for violations of the TCPA under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE,** on this <u>29th</u> day of April, 2024, **ORDERED** as follows:

1. Plaintiff's Application to Proceed IFP (ECF No. 1-2) is **GRANTED**.

2. The Clerk of Court shall **FILE** the Complaint (ECF No. 1).

3. The Clerk of Court shall provide Plaintiff with a copy of the 285 Form ("USM-285 Form") for the Defendant identified in the Complaint.

4. Plaintiff shall complete the USM 285 Form for Defendant and return it to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.

5. Upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk of Court shall issue Summons, and the United States Marshal shall serve a copy of the Complaint (ECF No. 1) and this Memorandum Order upon Defendant pursuant to 28 U.S.C. § 1915(d).

6. Defendant shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12.

7. The Clerk of the Court shall serve Plaintiff with a copy of this Memorandum Order via regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE