## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**KAUFMAN DOLOWICH, LP**
BY    RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
**Attorneys for Defendant Capital
Management Services, L.P.**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————
|  |  |
| STEVEN J. FRATO, JR., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:23-cv-04049-MAS-JBD |
| | : | |
| CAPITAL MANAGEMENT | : | |
| SERVICES, L.P., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

———————————————————

## DEFENDANT CAPITAL MANAGEMENT SERVICES, L.P.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Capital Management Services, L.P. ("Defendant"), by and through

its undersigned counsel, respectfully submits this Memorandum of Law in Support

i

of its Motion to Dismiss Plaintiff Steven J. Frato, Jr.'s ("Plaintiff") Complaint

pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 1).

Respectfully submitted,

**KAUFMAN DOLOWICH, LP**

By:   /s/ Monica M. Littman
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA  19103
(v) 215-501-7002; (f) 215-405-2973
rperr@kaufmandolowich.com;
mlittman@kaufmandolowich.com
Attorneys for Defendant Capital
Management Services, L.P.

Dated:  July 9, 2024

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..........................................................................................2

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY ......................3

    A.   Plaintiff's Claims..................................................................................3
    B.   Procedural History................................................................................5

III.  LEGAL STANDARD ...................................................................................6

    A.   Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim .............................6

IV.   ARGUMENT..................................................................................................7

    A.   Plaintiff failed to plausibly allege that Defendant Called Plaintiff
          Using an ATDS....................................................................................7
    B.   Plaintiff Fails to State a Claim Regarding the Use of Artificial/Pre-
          Recorded Messages ............................................................................13
    C.   Plaintiff fails to state a claim under 47 C.F.R. § 64.1200 *et. seq*........15

V.    CONCLUSION.............................................................................................19

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                      <u>Page</u>

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................6,7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................6

*Cabral v. Penske Truck Leasing Co. LP*,
    No. 1:23-CV-01316, 2024 WL 1916701 (M.D. Pa.
    May 1, 2024).................................................................................14

*Camunas v. Nat'l Republican Senatorial Comm.*,
    570 F. Supp. 3d 288 (E.D. Pa. 2021) .......................................8,13

*Facebook, Inc. v. Duguid*,
    141 S. Ct. 1163 (2021)................................................................8,10

*Guglielmo v. CVS Pharmacy, Inc.*,
    No. 3:20CV1560 (JBA), 2021 WL 3291532 (D. Conn.
    Aug. 2, 2021) ............................................................................10,13

*Jackson v. Direct Bldg. Supplies LLC*,
    No. 4:23-CV-01569, 2024 WL 184449 (M.D. Pa. Jan. 2024) .................18,19

*Manopla v. Sansone Jr.'s 66 Automall*,
    No. CV1716522FLWLHG, 2020 WL 1975834, (D.N.J.)
    Jan. 10, 2020).............................................................................15

*Nickson v. Advanced Mktg. & Processing, Inc.*,
    No. CV DLB-22-2203, 2023 WL 4932879
    (D. Md. Aug. 2, 2023) ................................................12,13,17,18

*Norman v. Sito Mobile Sols.*,
    No. 17-2215, 2017 WL 1330199 (D.N.J. Apr. 6, 2017) .................................9

*Panzarella v. Navient Sols., Inc.*,
    37 F.4th 867 (3d Cir. 2022)......................................................8,11

*Perrong v. Bradford*,
    No. 2:23-CV-00510-JDW, 2023 WL 6119281 (E.D. Pa.
    Sept. 18, 2023 .................................................................................8

*Perrong v. CMI Mktg. Rsch. Inc.*,
    No. CV 22-3733, 2023 WL 6277299 (E.D. Pa. Sept. 26, 2023) ..............11,13

*Slominski v. Globe Life Inc.*,
    No. 7:23-CV-1081-D, 2024 WL 556978 (E.D.N.C.
    Feb. 12, 2024)...........................................................................17,18

*Smith v. Am.-Amicable Life Ins. Co. of Texas*,
    No. CV 22-333, 2022 WL 1003762 (E.D. Pa. Apr. 4, 2022).......................14

ii

*Thomas-Lawson v. Koons Ford of Balt., Inc.*,
   No. SAG-19-3031, 2020 WL 1675990 (D. Md. Apr. 6, 2020) ....................12
*Trumper v. GE Cap. Retail Bank*,
   79 F. Supp. 3d 511 (D.N.J. 2014)................................................................14
*Zemel v. CSC Holdings LLC*,
   No. CV 18-2340-BRM-DEA, 2018 WL 6242484
   (D.N.J. Nov. 29, 2018) ................................................................................9

**<u>Statutes</u>**

47 U.S.C. § 227 *et seq.*...........................................................................2, 5
47 U.S.C. § 227(a)(1) ……………………………………………………8, 11,13
47 U.S.C. § 227(b)(1)(B)……………………………………………………13, 15
47 U.S.C. § 227(c)(5)……………………………………………………………16
47 U.S.C. § 227(a)(4) ……………………………………………………………17
16 C.F.R. § 310.2(gg) ..............................................................................18
47 C.F.R. § 64.1200 *et seq.* …………………………………………   2, 15
47 C.F.R. § 64.1200(c)(2) ........................................................................16,18
47 C.F.R. § 64.1200(d)(1) ……………………………………………..  16, 18
47 C.F.R. § 64.1200(d)(6)…………………………………………………  16, 18

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(6) ..............................................................................1, 2, 6
Fed. R. Civ. P. 8…………………………………………...……………...…6,7

**<u>Other Authorities</u>**

In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of
1991, 23 F.C.C. Rcd. 559 (2008).............................................................17
National Do-Not-Call Registry FAQs, available at
https://consumer.ftc.gov/articles/national-do-not-call-registry-faqs .................5,19

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**KAUFMAN DOLOWICH, LP**
BY    RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
**Attorneys for Defendant Capital**
**Management Services, L.P.**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| STEVEN J. FRATO, JR., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 3:23-cv-04049-MAS-JBD |
| | : | |
| CAPITAL MANAGEMENT | : | |
| SERVICES, L.P., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

**DEFENDANT CAPITAL MANAGEMENT SERVICES, L.P.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
<u>**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

Defendant, Capital Management Services, L.P. ("Defendant"), by and through

its undersigned counsel, submits this Memorandum of Law in Support of its Motion

to Dismiss Plaintiff Steven J. Frato, Jr.'s ("Plaintiff") Complaint under Fed. R. Civ.

1

P. 12(b)(6).  (Doc. 1).  For all of the reasons expressed below, this Court should grant Defendant's Motion to Dismiss Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and 47 C.F.R. § 64.1200 *et. seq.* ("TCPA Regulations").

## I.   INTRODUCTION

Plaintiff's Complaint ("Complaint") should be dismissed as a matter of law. (Doc. 1).  Plaintiff sued Defendant asserting claims arising out of phone calls that Defendant allegedly placed to him regarding a debt.  (Doc. 1 at ¶¶ 5-6, 22, pp. 3, 6). Plaintiff alleges, and Defendant admits for purposes of this Motion only, that Defendant is a debt collector. (Doc 1 at ¶¶ 5-6, p. 3). Plaintiff also alleges that Defendant failed to adopt or maintain a "Do-Not-Call policy" and failing to include Plaintiff on an internal "Do-Not-Call list." (Doc. 1 at ¶¶ 36-38, p. 9). Plaintiff further alleges that Defendant called Plaintiff's cell phone at-least twenty-nine (29) times, despite being on the National Do Not Call Registry and having not provided Plaintiff's consent to be contacted. (Doc. 1 at ¶¶ 14, 19, 36-38, pp. 5, 9). Plaintiff also alleges that Defendant utilized an automated telephone dialing system ("ATDS") and pre-recorded and/or artificial voice messages in placing the calls to Plaintiff. (Doc. 1 at ¶¶ 17, 30-33, pp. 5, 8).  In making these claims, however, Plaintiff has failed to allege a plausible claim for relief that Defendant used an ATDS or pre-recorded and/or artificial voice messages.  (Doc. 1).  Plaintiff has merely

asserted bare allegations which are absent any supporting evidence, and are insufficient as a matter of law. This Court should also dismiss Plaintiff's claims that Defendant violated the TCPA Regulations because Defendant did not place telemarketing calls. This Court should also find that Defendant is exempt from the prohibitions of the National Do Not Call Registry.

Defendant, therefore, respectfully requests that Defendant's Motion to Dismiss be granted and Plaintiff's Complaint be dismissed with prejudice because Plaintiff has failed to state a claim upon which relief may be granted.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   Plaintiff's Claims

Plaintiff alleges that Plaintiff's cell phone number ending in 6399 was placed on the "national Do Not Call Registry" as of February 4, 2023, and Plaintiff never provided Plaintiff's consent to be contacted via this cell phone number by Defendant. (Doc. 1 at ¶¶13-15, p. 5). Plaintiff alleges that "Defendant is a company that uses the mail, telephone or facsimile in a business whose principal purpose is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due by another." (Doc. 1 at ¶ 5, p. 3). Plaintiff alleges that Defendant is "engaged in the business of collecting debts from consumers in the State of New Jersey." (Doc. 1 at ¶ 6, p. 3). Plaintiff alleges that Defendant placed "at least twenty-nine unsolicited telemarketing calls" to Plaintiff's cell phone between May 12, 2023

3

and July 27, 2023. (Doc. 1 at ¶¶ 19, 27, 30, p. 5-8).

Plaintiff alleges that Defendant "failed to adopt or maintain a Do Not Call Policy as required by the TCPA and other relevant federal laws." (Doc. 1 at ¶ 16, p. 5). Plaintiff also alleges that "Defendant utilized an automated telephone dialing system (ATDS) in violation of the TCPA." (Doc. 1 at ¶ 17, p. 5). Plaintiff alleges that "[u]pon information and belief, Defendant's ATDS also has the capacity to and does, sequentially dial telephone numbers stored as a list or in a database without human intervention." (Doc. 1 at ¶ 17, p. 5). Plaintiff alleges that "Defendant willfully engaged in fraudulent spoofing of telephone number which when called back, did not ring." (Doc. 1 at ¶ 18, p. 5).

Plaintiff alleges that when Plaintiff answered Defendant's calls, Defendant asked to speak to a party who is not Plaintiff and, Defendant continued to call even after Plaintiff explained that he is not the person whom they were attempting to reach. (Doc. 1 at ¶ 21, p. 5). Plaintiff alleges that Plaintiff received phone calls and "scripted voicemails" of an impersonal nature even though he asked not to be called. (Doc. 1 at ¶ 22, p. 6). Plaintiff further alleges that on multiple occasions, when Plaintiff asked Defendant about the purpose of the call, Defendant stated that "'It is a personal business matter.'" (Doc. 1 at ¶¶ 23-24, p. 6).

Plaintiff also alleges that after receiving "correspondence from Defendant concerning the alleged debt, plaintiff forwarded 2 pieces of written correspondence

sent to Defendant simultaneously by certified mail, return receipt requested, wherein plaintiff: [sic] disputed the alleged debt in its entirety."  (Doc. 1 at ¶ 25, p. 6). Plaintiff claims that Defendant did not respond.  (Doc. 1 at ¶ 25, p. 6).

Plaintiff's allegations fail to plausibly allege that Defendant called Plainitf using the type of automatic dialing equipment that implicates the TCPA, 47 U.S.C. § 227, *et seq.* ("TCPA") or that Defendant used artificial/pre-recorded messages. (Count I).  Plaintiff's claims under the TCPA Regulations 47 C.F.R. § 64.1200 *et seq*. also fail.  (Count II).  For purposes of this Motion only, Defendant is a debt collector, which is exempt from the prohibitions provided in the National Do Not Call Registry. (*See National Do Not Call Registry FAQs | Consumer Advice*, https://consumer.ftc.gov/articles/national-do-not-call-registry-faqs) (last visited July 9, 2024).

For all of the reasons set forth below, this Court should dismiss Plaintiff's Complaint in its entirety, with prejudice.

### B. Procedural History

Plaintiff filed his Complaint on July 28, 2023.  (Doc. 1). Service of the Complaint was effectuated on June 4, 2024.  (Doc. 7).  On June 13, 2024, Defendant filed an application for an extension of time for Defendant to Answer, Move, or Otherwise Plead to Plaintiff's Complaint.  (Doc. 8). The Court granted the

application, and Defendant's deadline to respond to the Complaint is July 9, 2024. (Doc. 8). Thus, this Motion is timely.

## III.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When ruling on a motion to dismiss, the court must accept all factual allegations in the pleadings as true and draw all reasonable inferences in favor of the non-moving party.  *Id*. at 555-556. Rule 8 of the Federal Rules of Civil Procedure sets forth the general pleading requirements for claims brought in federal courts.  *See* Fed. R. Civ. P. 8.  The first step in testing the sufficiency of the complaint is to identify any conclusory allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Although the court must accept well-pleaded factual

6

allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* The second step requires the court to review the remaining factual averments to test whether the plaintiff has set forth a factual basis that provides more than the mere possibility that the alleged misconduct occurred. *See Ashcroft*, 556 U.S. at 679 (2009). "[O]nly a complaint that states a *plausible* claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2) (citations omitted)). (Emphasis added). Here, because Plaintiff has failed to allege a *plausible* claim for relief, Defendant respectfully requests that the Court grant its Motion to Dismiss. *See Ashcroft*, 556 U.S. at 679.

## IV.   ARGUMENT

### A.   Plaintiff failed to plausibly allege that Defendant Called Plaintiff using an ATDS.

This Court should dismiss Count I of the Complaint because Plaintiff fails to plausibly show that Defendant utilized an ATDS when placing calls to Plaintiff's cell phone. (Doc. 1 at ¶¶ 28-34, p. 8).

7

As defined by the TCPA, an "automatic telephone dialing system" is a piece of equipment with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator," and to dial those numbers. 47 U.S.C. § 227(a)(1).  In *Facebook, Inc. v. Duguid*, the U.S. Supreme Court held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021).  "Following that decision, the Third Circuit held that for a call to violate the TCPA's prohibition on the use of ATDS, the call must employ the system's capacity to use a random or sequential number generator to produce or store telephone numbers."  *Perrong v. Bradford*, No. 2:23-CV-00510-JDW, 2023 WL 6119281, at *2 (E.D. Pa. Sept. 18, 2023) (citing *Panzarella v. Navient Sols., Inc.,* 37 F.4th 867, 881 (3d Cir. 2022)). "It is not enough that the system could use a random or sequential number generator to produce or store telephone numbers; it must actually do so."  *Id.* (citing *Panzarella*, 37 F.4th at 881)).

In *Camunas v. National Republican Senatorial Committee*, the court granted the defendant's motion to dismiss due to the plaintiff's failure to plausibly allege the utilization of an ATDS.  *Camunas v. Nat'l Republican Senatorial Comm.*, 570 F. Supp. 3d 288, 297 (E.D. Pa. 2021).  The plaintiff alleged that the defendant "uses

dialing technology which calls phone numbers from a stored list ....” to support the ATDS claim. *Id.* at 294–95. The plaintiff  also alleged that “the volume of text messages Plaintiff received from the NRSC despite never consenting to receive calls/texts from the NRSC, coupled with the fact that Plaintiff received a text addressed to someone named ‘Wilford’ leads Plaintiff to believe Defendant incorrectly classified him as a subscriber named ‘Wilford.’” *Id.* at 295. The plaintiff reasonably believed that the defendant sent him texts using an ATDS because “Defendant appears to have classified Plaintiff’s number as belonging to a subscriber named ‘Wilford’.” *Id.* In analyzing the defendant’s motion to dismiss, the court considered whether the plaintiff satisfied their burden in sufficiently pleading a claim that the defendant used an ATDS claim. *Id.* The court determined that “[t]o satisfy the ATDS element of the section 227(b) cause of action, ‘courts permit the allegation of an automatic system to be pled on information or belief, but require additional factual information, such as the absence of a relationship between the parties and the random nature of the automation device.’” *Id.* at 293 (quoting *Zemel v. CSC Holdings LLC*, 2018 WL 6242484, at *3 (D.N.J. Nov. 29, 2018 and *Norman v. Sito Mobile Sols.*, No. 17-2215, 2017 WL 1330199, at *3 (D.N.J. Apr. 6, 2017)). The court stated that “[A] bare allegation that defendants used an ATDS is not enough.” *Id.* (citations omitted). “Instead, ‘[a] plaintiff must provide ‘at least some detail regarding the content of the messages or calls, thereby rend[ering] the claim

that an ATDS was used more plausible.'" *Id.* (citations and quotations omitted).  Due to the absence of sufficient, factual information to support the plaintiff's ATDS claim, the court found it implausible that the defendant used a device that met definition in *Duguid* of an ATDS and dismissed the plaintiff's claims accordingly. *Id.* at 297.

In *Guglielmo v. CVS Pharmacy, Inc.*, the court granted the defendant's motion to dismiss because the plaintiff failed to plausibly allege the use of an ATDS. *Guglielmo v. CVS Pharmacy, Inc.,* No. 3:20CV1560 (JBA), 2021 WL 3291532, at *2 (D. Conn. Aug. 2, 2021). The court stated, "The Supreme Court recently held in *Facebook v. Duguid*, that the TCPA's narrow prohibition against unsolicited calls applies only to calls produced using an ATDS or an artificial or prerecorded voice and 'excludes equipment that does not 'use a random or sequential number generator.' Because Congress 'target[ed] a unique type of telemarketing equipment that risks dialing emergency lines randomly or tying up all the sequentially numbered lines at a single entity,' automatic messages or those made merely 'without human intervention' were not the subject of § 227(b)(1)(A) and are not prohibited under the TCPA. *Id.* (citing *Duguid* at 1171, 1173). In *Guglielmo*, the plaintiff alleged that the calls were made by "an automated system" and "automatically dialed." *Guglielmo*, 2021 WL 3291532, at *2. However, the plaintiff neither alleged that his number was stored or produced with a random or sequential

number generator, nor did the plaintiff claim that the calls he received used an artificial or prerecorded voice. *Id.* Thus, under *Duguid*, the plaintiff did not properly allege a violation of Section 227(b)(1)(A). *Id.*

In *Perrong v. CMI Marketing Research*, the Court determined that the plaintiff failed to plausibly allege the utilization of an ATDS. *Perrong v. CMI Mktg. Rsch. Inc.,* No. CV 22-3733, 2023 WL 6277299, at *3 (E.D. Pa. Sept. 26, 2023). The court explained, "So the question here is whether the amended complaint plausibly alleges that Defendant used the defining feature of an ATDS, i.e., 'produc[ed] or stor[ed] telephone numbers through random-or sequential-number generation.'" *Id.* (citing *Panzarella,* 37 F.4th at 874-876). The court ultimately concluded that it does not, stating, "It is a bit difficult to tell what the amended complaint is trying to say about how Plaintiff's numbers came up. The numbers were on Defendant's list, and we might logically infer that 'the computerized list itself' was used to make the calls. But then where does the necessary 'random or sequential-number generation' come into the picture? We cannot tell." *Id.* In consideration of the foregoing, the Court found that, ". . . there is nothing close to a plausible pleading that Defendant was using an ATDS's ability to produce or store telephone numbers through random or sequential number generation." *Id.*

Courts recognize "that plaintiffs have a 'distinct factual disadvantage' in alleging the use of ATDS equipment pre-discovery, but they still 'must allege some

11

facts permitting an inference that an ATDS was used to transmit the communications at issue.'" *Nickson v. Advanced Mktg. & Processing, Inc.*, No. CV DLB-22-2203, 2023 WL 4932879, at *6 (D. Md. Aug. 2, 2023) (citing *Thomas-Lawson v. Koons Ford of Balt., Inc.*, No. SAG-19-3031, 2020 WL 1675990, at *4 (D. Md. Apr. 6, 2020, noting the 'bald and conclusory facts alleged by Plaintiff [did] not suggest that [the defendant] used an automatic system of any sort[.]'")).

Here, Plaintiff has only alleged the following regarding his claim that Defendant used an ATDS:  "While operating in New Jersey, Defendant utilized an automated telephone dialing system (ATDS) in violation of the TCPA. Upon information and belief, Defendant's ATDS also has the capacity to and does, sequentially dial telephone numbers stored as a list or in a database without human intervention."  (Doc. 1 at ¶ 17, p. 5).  Plaintiff alleges "Defendant willfully engaged in fraudulent spoofing of telephone number which when called back, did not ring." (Doc. 1 at  ¶ 18, p. 5).  Plaintiff also provided a chart listing Defendant's alleged calls to Plaintiff.  (Doc. 1 at ¶ 27, pp. 5-6).  This chart either lists the name of the caller Defendant allegedly spoke with or states "No Voicemail Received." (Doc. 1 at ¶ 27, pp. 5-6).

Plaintiff's Complaint fails to plausibly plead the elements to state a claim that Defendant used an ATDS pursuant to *Duguid*.  (Doc. 1). Plaintiff asserts only baseless, conclusory claims with no detail on which to base a plausible inference

that Defendant actually utilized an ATDS.  (Doc. 1 at ¶¶ 17-18, 27, pp. 5-6); 47 U.S.C. § 227(a)(1).  Like in *Camunas,* Plaintiff's allegations are pled solely on information and belief with no additional factual information to make these allegations plausible.  *Camunas*, 570 F. Supp. 3d at 296; (Doc. 1 at ¶ 17, p. 5). Plaintiff also fails to allege that his number was stored or produced with a random or sequential number generator, as required to plausibly allege a violation of § 227(b)(1)(A).  *Guglielmo*, 2021 WL 3291532, at *2.  Nor does Plaintiff provide any factual allegations as to how Defendant allegedly utilized an ATDS in placing calls to Plaintiff's personal cell phone. *Perrong*, 2023 WL 6277299, at *3.  Plaintiff also alleges that he spoke with representatives from Defendant on several occasions. (Doc. 1 at ¶¶ 21-24, 27).  "Speaking with a live person generally undercuts allegations of ATDS use." *Nickson*, 2023 WL 4932879, at *5 (citations omitted).

Plaintiff has not alleged the factual details to allow this Court to plausibly infer the utilization of an ATDS. For these reasons, this Court must dismiss Plaintiff's TCPA regarding an ATDS in  Count I of Plaintiff's Complaint.

###   B.   Plaintiff Fails to State a Claim Regarding the Use of Artificial/Pre-Recorded Messages

Plaintiff's allegations that Defendant violated 47 U.S.C. § 227(b)(1)(B) must fail as a matter of law.  Plaintiff alleges that Defendant violated the TCPA's prohibition against making an unsolicited telemarketing call using an artificial or prerecorded voice without his consent. (Doc. 1 at ¶ 31-32, p. 8). Courts in this circuit

have recognized the following averments to be indicative of a pre-recorded call: "1) a delay before hearing the message, 2) calls ending with a beep, 3) instructions to call a 1-800 number, 4) an unusual phone number or short code instead, 5) a robotic voice on the other end, or 6) the absence of anything specific to the person being called." *Smith v. Am.-Amicable Life Ins. Co. of Texas*, No. CV 22-333, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022).

In *Cabral v. Penske Truck Leasing Co. LP*, the plaintiff survived a motion to dismiss because the court found that he provided sufficient factual information to infer the defendant's message was pre-recorded. C*abral v. Penske Truck Leasing Co. LP*, No. 1:23-CV-01316, 2024 WL 1916701, at *6 (M.D. Pa. May 1, 2024). The plaintiff alleged his voicecall was clearly prerecorded because it contained a robotic, generic sounding voice and was not "a live person" reading a script and that "consumers have posted recordings on the Internet of the same robocall received by Plaintiff." *Id.* at *6. The court continued, "Unlike cases dismissing TCPA claims because the plaintiff 'has not pled any facts relative to an automatic telephone dialing system or to an artificial or prerecorded voice,' Plaintiff  has made at least some factual statements supporting his allegation that Defendant contacted him using a prerecorded message." *Id.*.  The court in *Cabral* concluded that the plaintiff alleged sufficient factual information in support of their pre-recorded messages claim. *Id.*; *see Trumper v. GE Cap. Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014)

14

(dismissing a claim asserted under the TCPA because the complaint "provide[d] no factual allegations suggesting that that the voice on the other end of the line was prerecorded" and "said nothing about the calls [Plaintiff] received"); *see also Manopla v. Sansone Jr.'s 66 Automall*, No. CV1716522FLWLHG, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020) (suggesting that alleging "the fact that [the] voice message was pre-recorded is patently obvious to the naked ear when listening to the message," would aid in establishing the pre-recorded nature of a call for the purposes of a TCPA claim).

Here, Plaintiff has not alleged any factual information in support of Plaintiff's claim under 47 U.S.C. § 227(b)(1)(B) that Defendant used an artificial or pre-recorded voice message.  (Doc. 1 at ¶¶ 31-33 at p. 8). Plaintiff merely alleges bare, conclusory allegations upon information and belief, absent any supporting factual allegations. (Doc. 1).   Accordingly, Plaintiff has failed to state a claim for relief under 47 U.S.C. § 227(b)(1)(B), and the allegations of such must be dismissed as a matter of law.

### C. Plaintiff fails to state a claim under 47 C.F.R. § 64.1200 *et seq.*

Plaintiff's allegations that Defendant violated 47 C.F.R. § 64.1200 *et seq.* also fail.  (Doc. 1 at ¶¶ 36-39, p. 9).  Section 227(c) of the TCPA creates a private right of action for individuals who "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of" TCPA regulations.

15

47 U.S.C. § 227(c)(5). Section 64.1200(c)(2) of the TCPA's regulations prohibits a person or entity from initiating any telephone solicitation to "a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations, which must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. 47 C.F.R. § 64.1200(c)(2).  Section 64.1200(d)(1) of the TCPA's regulations provides that "No person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity . . . . 47 C.F.R. § 64.1200(d)(1).  Section 64.1200(d)(6) of the TCPA's regulations state that "A person or entity making artificial or prerecorded-voice telephone calls pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for 5 years from the time the request is made."  47 C.F.R. § 64.1200(d)(6).

The TCPA defines "telephone solicitation" to mean "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of,

or investment in, property, goods, or services, which is transmitted to any person . . . ." 47 U.S.C. § 227(a)(4). "[C]alls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing. Therefore, calls regarding debt collection or to recover payments are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C. Rcd. 559, ¶ 11 (2008).

"To state a claim under section 227(c), [a plaintiff] must plausibly allege that his phone number was on the national do-not-call registry and that the [defendant] made more than one telephone solicitation to him in a year." *Nickson*, 2023 WL 4932879, at *6. In *Nickson*, the court found that the plaintiff plausibly alleged a telephone solicitation because of the sales-like nature of the phone call. *Id.* at *6. The plaintiff alleged that the defendant attempted to sell the plaintiff a service to save money on insurance. *Id.* at *7. Similarly, in *Slominski v. Globe Life, Inc.*, the court found that the plaintiff plausibly alleged a claim under section 227(c) because of the factual allegations provided in support of their claim, particularly that the defendant left voicemails to the plaintiff, requesting a call-back pertaining to "selling supplemental health insurance and life insurance." *Slominski v. Globe Life Inc.*, No. 7:23-CV-1081-D, 2024 WL 556978, at *7 (E.D.N.C. Feb. 12, 2024).

17

The National Do Not Call Registry was created to stop unwanted calls from telemarketers. *Jackson v. Direct Bldg. Supplies LLC*, No. 4:23-CV-01569, 2024 WL 184449, at *4 (M.D. Pa. Jan. 17, 2024). The Federal Trade Commission (FTC) defines a telemarketer as someone who makes or receives calls to or from a customer to get that person to buy goods or services or to make a donation. 16 C.F.R. § 310.2(gg).

Here, Plaintiff alleged that his telephone number is on the National Do Not Call Registry. (Doc. 1 at ¶ 14, p. 5). Despite this, however, Plaintiff fails to state a claim under Sections 64.1200(c)(2), (d), and d(6), because Plaintiff does not plausibly allege that Defendant's calls were the type of telephone solicitation calls prohibited under the TCPA regulations. Although Plaintiff alleges that Defendant placed telemarketing calls to him, Plaintiff also pleads that that the calls were being made for a personal business matter. (Doc. 1 at ¶¶ 23-24, 30-31, 36 pp. 6, 8-9). Plaintiff also alleges that Defendant's phone calls were made regarding a debt. (Doc. 1 at ¶ 5-6, 22 pp. 3, 6).  Plaintiff also alleges that he sent correspondence to Defendant regarding "the alleged debt.".  (Doc. 1 at ¶ 25 at p. 6).  Plaintiff does not provide factual allegations to allow this Court to infer that Defendant's calls were made for the purpose of encouraging the purchase of any goods or services. These allegations, which are a stark contrast to those in *Slominski* and *Nickson*, fall short of the standard for sufficiently pleading a claim under the TCPA regulations.

Plaintiff's allegations support that Defendant's phone calls were made regarding an outstanding financial obligation, and debt collection calls are not prohibited by the National Do Not Call Registry.  (Doc. 1 at ¶ 5-6, p. 3); *see National Do Not Call Registry FAQs | Consumer Advice*, https://consumer.ftc.gov/articles/national-do-not-call-registry-faqs) (last visited July 9, 2024).  Therefore, this Court should find that Plaintiff failed to state claim for which relief can be granted and dismiss Count II of the Complaint, with prejudice.

## V.   CONCLUSION

Wherefore, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**KAUFMAN DOLOWICH, LP**

By:   /s/ Monica M. Littman
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA  19103
(v) 215-501-7002; (f) 215-405-2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
Attorneys for Defendant Capital
Management Services, L.P.

Dated:  July 9, 2024

19

## <u>CERTIFICATE OF SERVICE</u>

I, MONICA M. LITTMAN, certify that on or about this date, I caused to be

served a true and correct copy of the foregoing via email on the following:

Steven J. Frato, Jr.
22 Lilac Lane
Barnegat, NJ 08005
fratosteven@gmail.com

Dated: July 9, 2024                          By:    <u>/s/ Monica M. Littman</u>
                                                     MONICA M. LITTMAN, ESQUIRE