IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

STEVEN J FRATO JR
22 LILAC LANE
BARNEGAT, NJ 08005
845-545-6399
fratosteven@gmail.com

Plaintiff, *Pro Se*

| | |
|---|---|
| STEVEN J. FRATO JR,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL MANAGEMENT SERVICES L.P.,<br>A Delaware Corporation,<br><br><u>Defendant</u> | Docket No: 3:23-cv-04049 |

**PLAINTIFF STEVEN J. FRATO JR'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS**

**I. PRELIMINARY STATEMENT**

Plaintiff respectfully submits this Response in Opposition to Defendant's Motion to Dismiss. The Defendant seeks dismissal by arguin a "failure to state a claim," which undermines the Court's previous rigorous review in the Court's Memorandum Order (Doc. 4) in response to the Plaintiff's in forma pauperis ("IFP") application, screening each count of Plaintiff's complaint and finding that it stated plausible claims for relief under Fed. R. Civ. P. 12(b)(6). Furthermore, Defendant narrowly read the Plaintiff's complaint, attempting to take a "second bite of the apple" by relitigating the Courts application of the Fed. R. Civ. P.12(b)(6) standard. Plaintiff's complaint clearly states plausible claims for relief under the TCPA. Defendant's

1

attempts to mischaracterize the nature of the calls and their refusal to properly identify the purpose and identity of the callers further underscores the legitimacy of Plaintiff's claims. The allegations set forth in the Complaint, when taken as true, establish a clear basis for liability under the TCPA, and Defendant's redundant and formulaic arguments do not undermine this foundatio. What Defendants are really arguing is that they believe that Plaintiff will ultimately be unable to successfully prove their claims against them. However, Plaintiff is not required to prove claims at this early stage of the litigation without the opportunity to conduct any discovery.

## II. PROCEDURAL HISTORY

On July 28, 2023, Plaintiff brought a Complaint under the TCPA and implementing regulations codified at 47 C.F.R. § 1200 *et seq.* alleging Defendant to have made at least twenty-nine unsolicited calls to Plaintiff's personal cell phone from May 12, 2023 to July 27, 2023 (Doc.1 at ¶ 19 pg. 5).

Defendant's calls were made notwithstanding that Plaintiff placed himself on the "Do Not Call Registry" as of February 4, 2023 (Doc. 1 at ¶ 36 pg. 9). Defendant failed to adopt a written "Do Not Call Policy" (Doc. 1 at ¶ 37 pg. 9) violating enabling regulations, therefore violating 47 U.S.C. § 227(c)(5).

Defendant's representatives failed to state whether or not they were debt collectors in contravention of 15 U.S.C. § 1692(e)(11). Instead, Defendant's representative claimed calls were for a "personal business matter" (Doc. 1 at ¶ 23 pg. 6).

2

Defendant continued phone calls even after being told numerous times the Plaintiff was not the person whom Defendant was attempting to reach and to stop calling (Doc.1 at ¶ 21 pg. 5).

Defendant placed unlawful telephone calls to Plaintiff by an automated telephone dialing system ("ATDS"). Plaintiff continued to receive phone calls which included scripted voicemails of an impersonal nature (Doc. 1 at ¶ 23 pg.6), nonobservant to 47 U.S.C. § 227(b)(1)(A) and §227(b)(1)(D). Furthermore, tell-tale signs of automation were present in the representative's calls including a notable delay followed by a clicking noise prior to the representative speaking and the myriad of different phone numbers used to contact the Plaintiff.

The Court previously reviewed Plaintiff's application to proceed in forma pauperis ("IFP") under 28 U.S.C §1915, which involved a screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 (e)(2)(B) which includes a determination on whether the complaint on its face is frivolous, malicious, or fails to state a claim upon which relief can be granted (Doc.4 pg. 7).

The Court determined all counts within the complaint sufficient to proceed under 28 U.S.C § 1915(e)(2)(B) (Doc.4 pg. 7).. Additionally, the Court applied the Fed. R. Civ. P. 12(b)(6) standard in granting the Plaintiff's IFP application 28 U.S.C. § 1915(e)(2)(B)(ii) (Doc.4 pg. 7).

### III. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. To survive a Fed. R. Civ. P. 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

Moreover, "[a] complaint survives a motion to dismiss even '[i]f there are two alternative explanations, one advanced by [the] defendant and the other advanced by [the] plaintiff, both of which are plausible.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)

In evaluating a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* Furthermore, while a complaint need not contain detailed factual allegations, it must provide more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Twombly*, 550 U.S. at 555.

4

# IV. LEGAL ARGUMENT

## POINT I

### DEFENDANT'S MOTION TO DISMISS MUST BE DENIED BECAUSE THE COURT ALREADY FOUND PLAINTIFF PLAUSIBLY ASSERTED CLAIMS UNDER FED. R. CIV. P. 12(b)(6) WHEN SCREENING THE COMPLAINT.

In the present case, the Court has already applied the Fed. R. Civ. P. 12(b)(6) standard during its review of Plaintiff's application to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)) (Doc. 4, pg. 3).

The IFP statute requires the Court to dismiss the case if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). During this screening process, the Court meticulously examined Plaintiff's complaint to determine whether it met the Fed. R. Civ. P. 12(b)(6) standard of legal sufficiency. The Court found that each count within Plaintiff's complaint was adequately pleaded, with sufficient factual matter to state a claim to relief that is plausible on its face (Doc. 4, pg. 7). In the Court's own words: "The Court is satisfied that Plaintiff's Complaint makes this *prima facie* showing" (Doc. 4, pg. 7). As a result, the Court allowed the case to proceed, implicitly recognizing the validity of each and every count of the complaint presented. There is nothing in Defendant's Motion that justifies parting with this conclusion.

5

Defendant's Motion merely reiterates arguments that were already considered and rejected by the Court during the IFP screening process and is replete with formulaic recitations of the legal standard. This redundant attempt to dismiss the case is a transparent effort to circumvent the Court's prior determination. The Court has already conducted a thorough and rigorous analysis under Fed. R. Civ. P. 12(b)(6) and determined that Plaintiff's claims are sufficient to proceed stating "In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the Plaintiff" (Doc. 4, pg. 3). Specifically, the Court's memorandum order stated, "With these facts alleged, the Court finds Plaintiff has stated plausible claim for violations of the TCPA under 28 U.S.C. δ 1915(e)(2)(B) (Doc. 4, pg. 7). This directly contradicts Defendant's assertion that Plaintiff's complaint lacks sufficient factual matter to state a claim.

Furthermore, the Court highlighted that " It is further alleged that by making unsolicited calls to Plaintiff, whose phone number was on the "Do Not Call Registry," Defendant failed to properly implement a written Do Not Call policy and keep Plaintiff on a Do Not Call list". This directly addresses and refutes Defendant's argument that Plaintiff has not sufficiently alleged that the calls were unsolicited and in violation of the TCPA under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c).

The Court's previous determination under the stringent IFP screening process establishes that Plaintiff's claims have already been found to meet the necessary legal standards. Defendant's motion to dismiss merely reiterates arguments that the Court has already rejected, and as such,

6

it should be denied in the interest of judicial economy and to uphold the integrity of the Court's prior ruling.

## POINT II

### DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE THEY MISCHARACTERIZED PLAINTIFF'S ALLEGATIONS REGARDING CALL PURPOSE AND IDENTITY DISCLOSURE

In an attempt to misrepresent the true substance of Plaintiff's allegations, Defendant dishonestly asserts that "Plaintiff alleges that Defendant placed telemarketing calls to him, Plaintiff also pleads that the calls were being made for a personal business matter" (Doc. 10, pg. 23). This misrepresentation distorts the true nature of Plaintiff's allegations (Doc. 1, ¶¶ 23, 24, pp. 6). Plaintiff clearly stated that Defendant's representative refused to disclose their identity and instead vaguely claimed that the call was "a personal business matter" (Doc. 1, ¶¶ 23-24, 30-31, 36, pp. 6, 8-9). The use of the term "personal business matter" was a direct quote from Defendant's representative and was not an acknowledgment by Plaintiff that the calls were made for a personal business matter. Contrary to Defendant's assertion, Plaintiff consistently alleged that the calls constituted telemarketing. The complaint details multiple telephone solicitation calls made by Defendant, which are defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." The representative's refusal to identify the nature of the call does not alter the underlying telemarketing purpose. Clearly anything involving a "personal business matter" falls within the zones of interest of the TCPA as it constitutes a "telephone solicitation" within the meaning of 47 U.S.C. § 227(a)(4).

.

The TCPA is designed to protect consumers from unwanted telemarketing calls. Under the TCPA, The term "telephone solicitation" means "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4). The allegations in Plaintiff's complaint align with this definition, and Defendant's attempts to recast the nature of the calls do not negate the telemarketing purpose. Defendant's further attempted to attribute their representatives words to the Plaintiff, stating the Plaintiff stated the calls were for "a personal business matter" (Doc. 10 pg. 23), despite earlier in the docket, correctly citing "Plaintiff further alleges that on multiple occasions, when Plaintiff asked Defendant about the purpose of the call, Defendant stated "it is a personal business matter" (Doc. 10 pg. 9). This at best shows the Defendant's clearly misunderstand the substance of Plaintiff's allegations against them and at worst they are intentionally misrepresenting Plaintiff's complaint to intentionally muddy the waters.

Further, Defendant's representatives' refusal to clearly identify the nature of the calls or their identity prevented Plaintiff from properly ascertaining the calls' purpose, adding to the distress and confusion experienced by Plaintiff. The vague reference to "personal business matter" could easily be interpreted as a sales tactic to bypass Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692e(11), thus misleading Plaintiff about the true nature of the call. Moreover, the pattern and frequency of the calls, combined with the scripted and impersonal nature of the voicemails, further support the characterization of these calls as telemarketing. Plaintiff has provided detailed accounts of the calls, including dates and the content of the

8

voicemails, which illustrate that these were not legitimate debt collection calls but rather unsolicited attempts to engage Plaintiff in a transaction. Defendant's mischaracterization of Plaintiff's allegations is a disingenuous attempt to evade liability under the TCPA. The Plaintiff's claims are clear, specific, and supported by factual allegations that demonstrate the true nature of the calls as telemarketing, therefore the Plaintiff has clearly stated a claim on all four counts of the complaint as required by Fed. R. Civ. P 12(b)(6) and should not be dismissed.

**POINT III**

**DEFENDANT'S RELIANCE ON A CLAIM OF EXEMPTION FROM THE DO NOT CALL REGISTRY IS MISPLACED BECAUSE OF THEIR FAILURE TO PROPERLY IDENTIFY AS DEBT COLLECTORS**

Throughout the numerous calls made to Plaintiff, Defendant's representatives consistently failed to identify themselves as debt collectors or provide any specific purpose for the call. Instead, they vaguely stated that the calls were regarding a "personal business matter" (Doc. 1, ¶¶ 23, 24, pp. 6). This lack of transparency left Plaintiff unable to determine the true nature of the calls, whether they were for sales, debt collection, or any other purpose.

By failing to disclose their identity and the specific reason for the call, Defendant effectively prevented Plaintiff from understanding the context and legitimacy of the communication. This lack of clarity is crucial because it directly affects Plaintiff's ability to exercise their rights under the Telephone Consumer Protection Act (TCPA) and the Do Not Call Registry. Without clear identification, Plaintiff had no means to ascertain whether the calls fell under the exemptions claimed by Defendant.

Whether or not Defendant properly identified themselves as debt collectors is an issue for discovery. The standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires that all facts alleged in the complaint be accepted as true which was previously applied by the Court, stating "a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the Plaintiff" (Doc. 4, pg. 3). As established by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and reiterated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plaintiff has documented that the calls did not identify as debt collection calls, which, when accepted as true, supports a plausible claim that the calls violated the TCPA and do not fall under the claimed exemption.

The representative's use of the term "personal business matter" is language commonly associated with sales calls; with business by definition being "a usually commercial or mercantile activity engaged in as a means of livelihood[1]." This further obfuscates the true nature of the call and suggests that the calls fall under the category of telemarketing. The TCPA defines telemarketing as the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services 47 U.S.C. § 227(a)(4). Plaintiff's allegations align with this definition, indicating that the calls were indeed telemarketing.

---

[1] See Merriam Webster Dictionary, "Business Definition & Meaning," retrieved from: https://www.merriam-webster.com/dictionary/business

Defendant's consistent failure to identify themselves and disclose the specific purpose of the calls invalidates their claim of immunity from the Do Not Call Registry. The ambiguous nature of the calls, coupled with the representative's use of language typically associated with telemarketing, supports Plaintiff's assertion that the calls were unsolicited telemarketing efforts. Therefore, Defendant's motion to dismiss should be denied as it fails to account for these critical aspects of the Plaintiff's allegations.

## POINT IV

**IN THE ALTERNATIVE IF THE COURT DISMISSES THE COMPLAINT THE DISMISSAL SHOULD BE WITHOUT PREJUDICE AND THE LEAVE TO FILE AN AMENDED COMPLAINT**

In the event the Court determines that the Plaintiff's Complaint fails to meet the requisite legal standards, it is respectfully submitted that any dismissal should be rendered without prejudice and with explicit leave to amend the Complaint. The interests of justice, judicial economy, and fundamental fairness all dictate that the Plaintiff be afforded an opportunity to rectify any deficiencies identified by the Court.

First and foremost, the Fed. R. Civ. P. 15(a)(2), underscore the liberal policy favoring amendments to pleadings. The Rule explicitly states that leave to amend "shall be freely given when justice so requires." This policy is rooted in the fundamental notion that cases should be decided on their merits rather than on procedural technicalities. As the Supreme Court has articulated, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive...the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Furthermore, the Plaintiff should be granted leave to amend to correct any pleading defects identified by the Court. Courts routinely permit amendments where the Plaintiff's claims could potentially be cured through more precise pleading. In this instance, granting leave to amend is particularly appropriate because the Plaintiff can provide additional factual detail and legal clarification that would address the Court's concerns and sufficiently state a claim upon which relief can be granted.

Moreover, a dismissal with prejudice at this juncture would be unduly harsh and premature. Dismissing the Complaint with prejudice would effectively foreclose the Plaintiff's opportunity to seek redress, thus contravening the principle that litigants should have their claims heard on the merits whenever possible, dismissals with prejudice or defaults are drastic sanctions, termed "extreme" by the Supreme Court, *National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781, and are to be reserved for comparable cases.

The procedural posture of this case does not present any of the circumstances that might justify a dismissal with prejudice. There is no evidence of bad faith, undue delay, or repeated failure to cure deficiencies by previous amendments. The Plaintiff has acted in good faith and stands ready to amend the Complaint to address any specific issues raised by the Court. The interests of justice thus favor allowing the Plaintiff an opportunity to amend.

## CONCLUSION

For all the foregoing reasons, this Court should deny Defendant's Motion to Dismiss in its entirety. Plaintiff's Complaint, as previously screened and accepted by this Court under the stringent IFP standard, clearly states plausible claims for relief under the TCPA and related

statutes. Defendant's Motion fails to present any new or compelling arguments that would warrant a departure from this Court's prior dete rmination.

Date: August 5, 2024

_____
Steven J Frato Jr

13