## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**KAUFMAN DOLOWICH, LP**
BY    RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
**Attorneys for Defendant Capital**
**Management Services, L.P.**

| | | |
|---|---|---|
| STEVEN J. FRATO, JR., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:23-cv-04049-MAS-JBD |
| | : | |
| CAPITAL MANAGEMENT | : | |
| SERVICES, L.P., | : | |
| Defendant. | : | |

### DEFENDANT CAPITAL MANAGEMENT SERVICES, L.P.'S
### REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**KAUFMAN DOLOWICH, LP**
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA  19103
(v) 215-501-7002; (f) 215-405-2973
rperr@kaufmandolowich.com;
mlittman@kaufmandolowich.com
Attorneys for Defendant Capital
Management Services, L.P.

Dated:  August 12, 2024

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................2

II.   ARGUMENT..................................................................................................2

    A.    Plaintiff's Complaint Does Not Meet the Pleading Standard
         Under *Duguid*..........................................................................................2

    B.    Defendant Did Not Mischaracterize Plaintiff's Allegations .................5

III.  CONCLUSION...............................................................................................6

## TABLE OF AUTHORITIES

**Cases**                                                                                   **Page**

*Facebook, Inc. v. Duguid*,
    141 S. Ct. 1163 (2021)...............................................................................2,3
*Perrong v. Bradford*,
    No. 2:23-CV-00510-JDW, 2023 WL 6119281
    (E.D. Pa. Sept. 18, 2023) ..........................................................................3
*Todd v. Citibank*,
    No. 16-5204, 2017 WL 1502796 (D.N.J. Apr. 26, 2017)...............................3

## Statutes

28 U.S.C. § 1915(e)(2)(B)(ii) ...........................................................................2
47 U.S.C. § 227 *et seq.*....................................................................................2
47 U.S.C. § 227(b)(1)(A) .................................................................................4
47 C.F.R. § 64.1200 *et. seq.* ...........................................................................2

## Rules

Fed. R. Civ. P. 12(b)(6) ..............................................................................1,2,6

## Other

23 FCC Red. 559, 565, ¶ 11 (Jan. 4, 2008).................................................5

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**KAUFMAN DOLOWICH, LP**
BY    RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
**Attorneys for Defendant Capital**
**Management Services, L.P.**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| STEVEN J. FRATO, JR., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:23-cv-04049-MAS-JBD |
| | : | |
| CAPITAL MANAGEMENT | : | |
| SERVICES, L.P., | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT CAPITAL MANAGEMENT SERVICES, L.P.'S
## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, Capital Management Services, L.P. ("Defendant"), by and through

its undersigned counsel, respectfully submits this Reply Brief in support of

Defendant's Motion to Dismiss Plaintiff Steven J. Frato, Jr.'s ("Plaintiff")

Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Docs. 9-10).

## I.    <u>INTRODUCTION</u>

Plaintiff's Complaint fails to plausibly allege Defendant's use of an automated telephone dialing system ("ATDS") under the standard set out by the U.S. Supreme Court in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021).  Defendant relied on Plaintiff's own allegations to support Defendant's argument that the calls at issue were made for the purpose of debt collection and, therefore, are not the type of calls prohibited by the National Do Not Call Registry. For the reasons set forth below and in Defendant's Motion to Dismiss (Docs. 9-10), Defendant respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    <u>ARGUMENT</u>

### A.    **Plaintiff's Complaint does not meet the pleading standard under** *Duguid***.**

Plaintiff's argument that Defendant's Motion should be denied because the Court conducted a Rule 12(b)(6) analysis in granting Plaintiff's application to proceed in forma pauperis ("IFP") is misguided.  (Doc. 12 at pp. 5-7).  While the standard for dismissal under Fed. R. Civ. P. 12(b)(6) is the same as that under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court's analysis of Plaintiff's claims in Plaintiff's IFP application did not conduct the exacting evaluation and analysis that is needed under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and 47 C.F.R. § 64.1200 *et. seq.* ("TCPA Regulations"), and applicable case law.

(Doc. 4 at pp. 6-7; Doc. 10 at pp. 7-13).  In the IFP analysis, this Court found that Plaintiff's allegation that Defendant called Plaintiff's cell phone using an ATDS was enough to conclude that Plaintiff has established a prima facie TCPA claim. (Doc. 4 at p. 7; Doc. 1 at ¶ 30, p. 7).   This Court did not evaluate Plaintiff's Complaint pursuant to the U.S. Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021) ("To qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator."). (Doc. 4 at p. 7).

This Court cited *Todd v. Citibank*, No. 16-5204, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017).  (Doc. 4 at p. 7). Although the *Todd* case is still generally applicable, the Court did not analyze Plaintiff's TCPA claim, particularly the second element (using an ATDS), under the standard set forth in *Duguid* and caselaw following *Duguid*.  *See Perrong v. Bradford*, No. 2:23-CV-00510-JDW, 2023 WL 6119281, at *2 (E.D. Pa. Sept. 18, 2023) ("Following that decision, the Third Circuit held that for a call to violate the TCPA's prohibition on the use of ATDS, the call must employ the system's capacity to use a random or sequential number generator to produce or store telephone numbers.").

This Court also did not evaluate Plaintiff's claim that Defendant allegedly called Plaintiff using an artificial or pre-recorded voice.  (Doc. 4 at p. 7; Doc. 1 at

¶¶ 31-33, p. 8).[1] This Court also did not evaluate Plaintiff's claim under the TCPA Regulations.  (Doc. 4 at p. 7; Doc. 1 at ¶¶ 35-39, p. 9).

Plaintiff's Complaint fails plausibly plead the elements to state a claim that Defendant used an ATDS pursuant to *Duguid.*  Plaintiff fails to even address the *Duguid* case in his Opposition.  (Doc. 12).  Plaintiff's allegations are pled solely on information and belief with no additional factual information to make these allegations plausible. (Doc. 1 at ¶ 17, p. 5; Doc. 10 at pp. 7-13). Plaintiff fails to allege that his number was stored or produced with a random or sequential number generator as required to plausibly allege a violation of § 227(b)(1)(A).  (Doc. 10 at p. 13).  Plaintiff does not provide any factual allegations as to how Defendant utilized an ATDS in placing calls to Plaintiff's personal cell phone, as required under *Duguid*.  (Doc. 1 at ¶¶ 13-39, pp. 5-9; Doc. 10 at p. 13).  Accordingly, by analyzing Plaintiff's claims under the standard set forth in *Duguid,* this Court should determine that Plaintiff's Complaint fails to allege the factual details necessary to allow this Court to plausibly allege the utilization of an ATDS, and grant Defendant's Motion to Dismiss.

---

[1]    While not actionable for purposes of Defendant's Motion to Dismiss, Defendant states that Defendant does not use pre-recorded or artificial voice messages.  If this Court were to permit Plaintiff to amend Plaintiff's Complaint, and such a false allegation were to be made, Defendant will serve Plaintiff with a motion pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## B.    Defendant Did Not Mischaracterize Plaintiff's Allegations.

Plaintiff's contention that Defendant mischaracterized Plaintiff's allegations regarding the nature and/or purpose of the calls at issue is erroneous.  (Doc. 12 at p. 7).  Plaintiff alleges that Defendant is a debt collector. (Doc. 1 at ¶¶ 5-6, p. 3). Plaintiff alleges that Defendant's calls were made regarding a debt. (Doc. 1 at ¶ 5-6, 22, pp. 3, 6). Plaintiff also alleges that he sent correspondence to Defendant regarding "the alleged debt."  (Doc. 1 at ¶ 25, p. 6). Plaintiff also alleges that Defendant placed "at least twenty-nine unsolicited telemarketing calls" to Plaintiff's cell phone between May 12, 2023 and July 27, 2023. (Doc. 1 at ¶¶ 19, 27, 30, p. 5-8).  Plaintiff also alleges that Defendant stated it was calling about a personal business matter.  (Doc. 1 at ¶¶ 23-24, p. 6).  Plaintiff, however, cannot have it both ways.

The TCPA states that, "[C]alls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing. Therefore, calls regarding debt collection or to recover payments are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 565, ¶ 11 (Jan. 4, 2008). Defendant did not mischaracterize Plaintiff's allegations when Defendant relied directly upon Plaintiff's own allegations that Defendant's phone calls were made regarding an outstanding financial obligation

and/or for the purpose of debt collection, which do not constitute the type of solicitation calls or telemarketing prohibited by the TCPA. (Doc. 1 at ¶¶ 5-6, 22, 25 pp. 3, 6).

Plaintiff also argues that Defendant should not be afforded exemption from the National Do Not Call Registry because of Defendant's failure to identify themselves as debt collectors or provide any specific purpose for the call. (Doc. 12 at p. 9). This argument fails, as Defendant relied upon Plaintiff's own allegations that Defendant is a debt collector and the purpose of the phone calls was regarding a debt, which are exempted from the Do Not Call Registry. (Doc. 1 at ¶¶ 5-6, 22, 25, pp. 3, 6; Doc. 10 at pp. 15-19).

Finally, if this Court dismisses Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's request for leave to amend must be denied. (Doc. 12 at pp. 11-12). Plaintiff has failed to provide any evidence or information to support his position that an amendment of the Complaint would cure the deficiencies outlined in Defendant's Motion to Dismiss. (Docs. 9-10).

## III.    <u>CONCLUSION</u>

Wherefore, Defendant respectfully requests that this Court grant Defendant's Motion and dismiss Plaintiff's Complaint in its entirety, with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**KAUFMAN DOLOWICH, LP**

By:    /s/ Richard J. Perr
        RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
        One Liberty Place
        1650 Market Street, Suite 4800
        Philadelphia, PA  19103
        (v) 215-501-7002; (f) 215-405-2973
        rperr@kaufmandolowich.com;
        mlittman@kaufmandolowich.com
        Attorneys for Defendant Capital
        Management Services, L.P.

Dated:  August 12, 2024

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically via CM/ECF on the following:

Steven J. Frato, Jr.
22 Lilac Lane
Barnegat, NJ 08005
fratosteven@gmail.com

/s/ Richard J. Perr
RICHARD J. PERR

Dated:  August 12, 2024