**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN J. FRATO JR., <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL MANAGEMENT SERVICES L.P., <br><br> Defendant. | Civil Action No. 23-4049 (MAS) (JBD) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

 This matter comes before the Court upon Defendant Capital Management Services L.P.'s ("Defendant") motion to dismiss (ECF No. 9) Plaintiff Steven J. Frato Jr.'s ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposed (ECF No. 12), and Defendant replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons stated below, Defendant's motion is granted.

**I. BACKGROUND**

 As this Court set forth in its previous Memorandum Order, Plaintiff brings the instant Complaint under the Telephone Consumer Protection Act of 1991 (the "TCPA") and its implementing regulations alleging that Defendant made at least twenty-nine unsolicited telemarketing calls to Plaintiff's personal cell phone number from May 12, 2023 to July 27, 2023. (Mem. Order 4, ECF No. 4; Compl. ¶¶ 19, 27, 30, ECF No. 1.) Upon answering Defendant's calls,

Defendant's representatives indicated to Plaintiff that they were seeking to recover a debt[1] and asked to speak with an individual who was not Plaintiff. (*Id.* ¶¶ 21-22.) Despite explaining "multiple times" that Plaintiff was not the person whom Defendant was attempting to reach and asking not to be called again, Plaintiff continued to receive phone calls from Defendant, which included "scripted voicemails of an impersonal nature." (*Id.*) These calls were also made notwithstanding that Plaintiff placed himself on the "Do Not Call Registry" as of February 4, 2023. (*Id.* ¶ 14.) Plaintiff alleges that Defendant did not have a right to collect any debt from him, nor did Defendant come forward with proof of its right to collect a debt after Plaintiff disputed that any debt was owed. (*Id.* ¶ 25.)

Plaintiff originally filed his Complaint with the above allegations and filed an *in forma pauperis* ("IFP") application. (ECF No. 1.) On April 29, 2024, this Court granted Plaintiff's IFP application and, after an initial screening pursuant to 28 U.S.C. § 1915 (e)(2)(B), allowed Plaintiff's Complaint to be filed. (ECF No. 4.) Plaintiff then served Defendant (ECF Nos. 6-7), and Defendant timely filed the instant motion to dismiss (ECF No. 9).

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court

---

[1] When Plaintiff asked if Defendant was a debt collector, Defendant's representative "refused to answer" and indicated that he or she was calling for "a personal business matter." (Compl. ¶ 24.)

must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "Although we must accept the allegations in the complaint as true, we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc) (internal quotations omitted); *Iqbal*, 556 U.S. at 678 (holding that courts may ignore bare statements that "the-defendant-unlawfully-harmed-me" (citing *Twombly*, 550 U.S. at 555)). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Finally, where a pro se plaintiff is involved, courts construe their pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *but see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (finding that notwithstanding a more liberal construction of a pro se litigant's allegations, the pro se litigant must still "allege sufficient facts in their complaint[] to support a claim").

## III.   **DISCUSSION**

Plaintiff brings two claims in his Complaint: (1) knowing and willful violation of the TCPA under 47 U.S.C. § 227, *et seq.*, specifically, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B) ("Count One"); (2) and violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, *et seq.*, specifically, 47 C.F.R. § 64.1200(c) and (d) ("Count Two") (Compl.

¶¶ 28-39.) Defendant moves to dismiss both Counts. (*See generally* Def.'s Moving Br., ECF No. 10.) The Court will address Defendant's challenges to each Count in turn.[2]

### A.      Count One

Count One consists of two theories of violation under the TCPA. The Court will address each theory individually.

#### 1.      *Violation of Section 227(b)(1)(A)(iii)*

Defendant first moves to dismiss Count One on the basis that Plaintiff fails to state a claim under Section 227(b)(1)(A)(iii). (Def.'s Moving Br. 8-9.) In doing so, Defendant alleges that Plaintiff's allegations as to Defendant's use of an automated telephone dialing system ("ATDS") are conclusory where they offer only bare allegations that Defendant used an ATDS. (*Id.* at 9.) Upon consideration of Defendant's briefing, the Court agrees.

"The TCPA prohibits a person from 'using any [ATDS]' to make calls to any 'cellular telephone service' without consent." *Champion v. Credit Pros Int'l Corp.*, No. 21-10814, 2023 WL 3452354, at *2 (D.N.J. May 15, 2023) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). An ATDS is a system that has "the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 398 (2021) (quoting 47 U.S.C. § 227(a)(1)).

---

[2] As an initial matter, the Court recognizes Plaintiff's first contention that his Complaint should not be dismissed because this Court already screened it. (Pl.'s Opp'n Br. 5-7, ECF No. 12.) A sua sponte screening, however, is not an automatic pass through the pleading stage. When the Court conducts a sua sponte screening, it necessarily does so without the full context of the legal claims before it because the defendant, yet to make an appearance in the case, has not yet been offered the chance to make legal arguments against a plaintiff's claims. Thus, Plaintiff's first argument is rejected.

Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits "'any person within the United States' from making calls to a phone number assigned to a 'cellular telephone service' using an '[ATDS].'" *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 389 (3d Cir. 2017) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). To successfully plead a claim under Section 227(b)(1)(A)(iii), a plaintiff must allege: "(1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent." *Todd v. Citibank*, No. 16-5204, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017) (citing *Leon v. Target Corp.*, No. 15-01, 2015 WL 1275918, at *2 (M.D. Pa. Mar. 19, 2015)). Generally, a plaintiff can survive a motion to dismiss on a Section 227(b)(1)(A)(iii) claim where he provides: (1) the number of calls he received; (2) a general time those calls were made; and (3) allegations supporting the proposition that an ATDS was used. *See Leon*, 2015 WL 1275918, at *3 (collecting cases).

Plaintiff alleges that, upon information and belief, Defendant utilized an ATDS that "has the capacity to and does [] sequentially dial telephone numbers stored as a list or in a database without human intervention." (Am. Compl. ¶ 17.) To corroborate this more general allegation, Plaintiff provides that: (1) "[o]n several occasions when the Plaintiff answered the Defendant['s] call, the Defendant asked to speak to a party who [was] not . . . Plaintiff" (*id.* ¶ 21); and (2) Plaintiff continued to receive this same call "[e]ven after . . . explain[ing] multiple times he is not the person whom [Defendant intended] to reach" (*id.*).

Defendant contends that based on the above allegations, it is "implausible" to infer that Defendant used an ATDS because Plaintiff alleges no specific facts to support his conclusion that an ATDS was used. (Def.'s Moving Br. 9.) In opposition, Plaintiff contends that the "tell-tale signs of automation were present in [Defendant's] calls [to him,] including a notable delay followed by

a clicking noise prior to the representative speaking and [a] myriad of different phone numbers used to contact . . . Plaintiff." (Pl.'s Opp'n Br. 3, ECF No. 12.)

First, at least some of the more specific allegations supporting Plaintiff's claim that Defendant used an ATDS are raised for the first time in Plaintiff's opposition brief. (*See generally* Compl. (failing to make any allegation that Plaintiff heard clicking noises prior to a representative speaking while providing an allegation-by-inference that Defendant used different phone numbers).) Importantly, Plaintiff cannot amend his Complaint through his briefing. *Derieux v. FedEx Ground Package Sys., Inc.*, No. 21-13645, 2023 WL 349495, at *2 n.2 (D.N.J. Jan. 20, 2023) (collecting cases).

Second, the allegations in the Complaint are, at present, and as Defendant suggests, conclusory. "[A] complaint must do more than simply parrot the definition" of ATDS when bringing a claim under Section 227(a)(1). *Smith v. Pro Custom Solar LLC*, No. 19-20673, 2021 WL 141336, at *2 (D.N.J. Jan. 15, 2021). "Rather, the complaint must allege some facts permitting an inference that an ATDS was used." *Id.* (citing *Montinola v. Synchrony Bank*, No. 17-8963, 2018 WL 4110940, at *2 (D.N.J. Aug. 28, 2018). Importantly, "[t]hat inference [may arise] from allegations like[:] (1) a delay before hearing the message . . .; (2) calls ending with a beep . . .; (3) instructions to call a 1-800 number . . .; (4) an unusual phone number or short code instead . . .; and (5) a robotic voice on the other end." *Id.* (internal citations omitted).

In the Complaint as currently constructed, Plaintiff alleges that, "upon information and belief," Defendant utilized an ATDS as defined in the TCPA. (Am. Compl. ¶ 17.) Other than this conclusory allegation, Plaintiff does not expressly allege any other enumerated factor that might

suggest Defendant used an ATDS. (*See generally id.*) Accordingly, Plaintiff's Section 227 (b)(1)(A)(iii) theory, in its currently alleged form, fails.[3]

        2.     *Violation of Section § 227(b)(1)(B)*

      Defendant also moves to dismiss Count One on the basis that Plaintiff fails to state a claim under Section 227(b)(1)(B) where he offers only conclusory allegations that Defendant used artificial and/or prerecorded voices to deliver messages. (*See* Def.'s Moving Br. 13-15.) Section 227(b)(1)(B) specifically prohibits "any person within the United States" from initiating "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." *Leyse v. Bank of Am.*, No. 11-7128, 2016 WL 5928683, at *4 (D.N.J. Oct. 11, 2016) (quoting 47 U.S.C. § 227(b)(1)(B)).

      Plaintiff again fails to state a claim on this theory. To be clear, Plaintiff contends in his briefing that he received "phone calls which included scripted voicemails of an impersonal nature." (Pl.'s Opp'n Br. 3.) Plaintiff in his Complaint avers that a claim under Section 227(b)(1)(B) does not require a plaintiff to allege that a defendant used an ATDS, but rather, that a defendant called a residential line "with an artificial or pre-recorded voice." (Compl. ¶ 32.) While Plaintiff alleges that he received a call on his residential line "with an artificial or pre-recorded voice," elsewhere in his Complaint, Plaintiff appears to allege he engaged in ongoing conversations with Defendant's representatives (*id.* ¶¶ 21-25); these alleged ongoing conversations conflict directly with any conclusory allegation that Plaintiff received artificial or pre-recorded messages from Defendant.

---

[3] To the extent that Plaintiff alleges a violation of 47 U.S.C. § 227(b)(1)(A) and/or 47 U.S.C. § 227(b)(1)(D), (*see* Compl. ¶ 30), such allegations are again premised on Defendant using an ATDS, which Plaintiff has inadequately pled. Plaintiff is advised that if he intends to bring claims under theories tied to these statutory provisions, he should be express about doing so in any amended complaint he files.

Accordingly, Plaintiff's Section 227(b)(1)(B) theory of liability under the TCPA fails where it does not put Defendant on fair notice of the allegations against it.

As Plaintiff fails to adequately allege a specified theory under the TCPA, Defendant's motion to dismiss the Complaint is granted as to Count One.

**B.      Count Two**

Defendant also moves to dismiss Count Two. Count Two is predicated on the TCPA's implementing regulations in part codified at 47 C.F.R. § 64.1200(c) and (d). (Def.'s Moving Br. 15-19.) The implementing regulations, in pertinent part, prohibit "solicitous calls to cell phone and landline numbers by or on behalf of a company that does not implement sufficient policies and procedures for maintaining an internal list of consumers that have requested not be called–an internal do not call list." 47 C.F.R. § 64.1200(c); 47 C.F.R. § 64.1200(d). Thus, a required prerequisite for a claim brought under both 47 C.F.R. § 64.1200(c) and (d) is that a defendant: (1) made solicitous calls; and (2) to a personal phone line of a consumer. *See Valdes v. Century 21 Real Est., LLC*, No. 19-5411, 2019 WL 5388162, at *3 (D.N.J. Oct. 19, 2022) (citations omitted); 47 C.F.R. § 64.1200(c); 47 C.F.R. § 64.1200(d).

Here, Plaintiff alleges that Defendant made dozens of calls to him about an "alleged debt." (Compl. ¶¶ 5, 6, 22, 24, 25.) The TCPA defines "telephone solicitation" as "the initiation of a telephone call or message for *the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services*." 47 U.S.C. § 227(a)(4) (emphasis added). The Federal Communications Commission, the agency tasked with promulgating rules under the TCPA, has expressly stated that "calls regarding debt collection or to recover payments are not subject to the TCPA's . . . restrictions on 'telephone solicitations,'" like those set forth in 47 C.F.R. § 64.1200(c) and (d). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection*

*Act of 1991*, 23 F.C.C.R. 559, 565 (2008). As such, Plaintiff fails to state a claim upon which relief can be granted with respect to Count Two because Plaintiff fails to allege that a solicitous call occurred within the meaning of the TCPA.

## IV.    <u>CONCLUSION</u>

For the reasons outlined above, Counts One and Two are dismissed. Both Counts, however, will be dismissed without prejudice to allow Plaintiff an opportunity to file an amended complaint consistent with this Memorandum Opinion. An accompanying order will follow.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE