# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**KAUFMAN DOLOWICH, LP**
BY    RICHARD J. PERR, ESQUIRE
      MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
**Attorneys for Defendant Capital**
**Management Services, L.P.**

_____

|  |  |  |
|---|---|---|
| | : | |
| STEVEN J. FRATO, JR., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:23-cv-04049-MAS-JBD |
| | : | |
| CAPITAL MANAGEMENT | : | |
| SERVICES, L.P., | : | |
| Defendant. | : | |
| | : | |
| | : | |

_____ :

## DEFENDANT CAPITAL MANAGEMENT SERVICES, L.P.'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS
## <u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>

**KAUFMAN DOLOWICH, LP**
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
Attorneys for Defendant Capital
Management Services, L.P.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ........................................................................................2

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY .......................3

     A.    Plaintiff's Claims ...............................................................................3
     B.    Procedural History..............................................................................6

III.  LEGAL STANDARD ...................................................................................6

     A.    Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim ............................6

IV.  ARGUMENT................................................................................................8

     A.    Plaintiff failed to plausibly allege that Defendant Called Plaintiff
              Using an ATDS..................................................................................8
     B.    Plaintiff fails to state a claim under 47 C.F.R. § 64.1200 *et. seq*......16
     C.    Plaintiff fails to state a claim under 15 U.S.C. § 1692e(11)
              and 15 U.S.C. § 1692(g)(b)………………………………………….19
     D.    Plaintiff fails to state a claim under 15 U.S.C. § 1692c(a)………….23
     E.    Plaintiff fails to state a claim under 15 U.S.C. § 1692d……………..25

V.   CONCLUSION............................................................................................27

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>                                                                                    <u>**Page**</u>

*Arteaga v. Asset Acceptance, LLC,*
 733 F. Supp. 2d 1218 (E.D. Cal. 2010)……………………………….....26

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)...................................................................................7, 8

*Beeders v. Gulf Coast Collection Bureau, Inc.,*
 432 F. App'x 918 (11th Cir. 2011)…………………………………………..26

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)...................................................................................6, 7

*Camunas v. Nat'l Republican Senatorial Comm.*,
 570 F. Supp. 3d 288 (E.D. Pa. 2021) ........................................................9,15

*Chisholm v. AFNI, Inc.,*
 No. CV 15-3625(JBS/JS), 2016 WL 6901358, (D.N.J. Nov. 22, 2016)……26

*Facebook, Inc. v. Duguid*,
 141 S. Ct. 1163 (2021)......................................................8,10, 11, 15

*Guglielmo v. CVS Pharmacy, Inc.,*
 No. 3:20CV1560 (JBA), 2021 WL 3291532 (D. Conn.
 Aug. 2, 2021) .........................................................................................10,11

*In re Burlington Coat Factory Sec. Litig.*,
 114 F.3d 1410, 1426 (3d Cir. 1997)…………………………………..21

*In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig.*,
 7 F.3d 357 (3d Cir. 1993)…………………………………………….……21

*In re Samsung Data Sec. Breach Litig.,*
 No. 1:23-MD-03055, 2025 WL 271059 (D.N.J. Jan. 3, 2025)……………21

*Nickson v. Advanced Mktg. & Processing, Inc.*,
 2023 WL 4932879 .....................................................................12,16,17, 19

*Norman v. Sito Mobile Sols.*,
 No. 17-2215, 2017 WL 1330199 (D.N.J. Apr. 6, 2017) ...............................10

*Panzarella v. Navient Sols., Inc.*,
 37 F.4th 867 (3d Cir. 2022)......................................................................9,12

*Perrong v. Bradford*,
 No. 2:23-CV-00510-JDW, 2023 WL 6119281 (E.D. Pa.
 Sept. 18, 2023 .........................................................................................9

*Perrong v. CMI Mktg. Rsch. Inc.,*
 No. CV 22-3733, 2023 WL 6277299 (E.D. Pa. Sept. 26, 2023) .............11,12

*Reed v. IC Sys., Inc.*, No. 3:15-279, 2017 WL 89047 (W.D. Pa. Jan. 10, 2017)…. 25

*Regan v. Law Offices of Edwin A. Abrahamsen & Assocs., P.C.,*
   No. 08–5923, 2009 WL 4396299 (E.D.Pa. Dec. 1, 2009)…………………25
*Slominski v. Globe Life Inc.,*
   No. 7:23-CV-1081-D, 2024 WL 556978 (E.D.N.C.
   Feb. 12, 2024) ..................................................................................18, 19
*Thomas-Lawson v. Koons Ford of Balt., Inc.,*
   No. SAG-19-3031, 2020 WL 1675990 (D. Md. Apr. 6, 2020) ....................12
*Turner v. Pro. Recovery Servs., Inc.,*
   956 F. Supp. 2d 573 (D.N.J. 2013)………………………………………25
*Watterson v. Page,* 987 F.2d 1 (1st Cir. 1993)………………..……………… …..21
*Waite v. Financial Recovery Services, Inc.,*
   No. 8:09–cv–02336–T–33AEP, 2010 WL 5209350,
   (M.D. Fla. Dec. 16, 2010)………………………………..……...………………26
*Zemel v. CSC Holdings LLC,*
   2018 WL 6242484 (D.N.J. Nov. 29, 2018) ..................................................10

## **Rules**

Fed. R. Civ. P. 12(b)(6) ..........................................................................1, 6

## **Statutes**

47 U.S.C. § 227 *et. seq.*.....................................2, 5, 8, 10, 11, 15, 16, 17, 18
47 C.F.R. § 64.1200 *et. seq.* ...............................................2,5,16, 17, 18
15 U.S.C. § 1692e(11)…………………..…………………………19, 20, 22
15 U.S.C. § 1692g(b)…………………………………………..19, 20, 22
15 U.S.C. § 1692c(a)…………………………………………...23, 24, 25
15 U.S.C. § 1692d…………………………………………25, 26, 27

## **Other Authorities**

23 FCC Rcd. 559, 565, ¶ 11 (Jan. 4, 2008)............................................17

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

**KAUFMAN DOLOWICH, LP**
BY    RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
**Attorneys for Defendant Capital
Management Services, L.P.**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                                              :
STEVEN J. FRATO, JR.,                        :
                                                              :
                              Plaintiff,            :
                                                              :
            v.                                              :        NO. 3:23-cv-04049-MAS-JBD
                                                              :
CAPITAL MANAGEMENT                   :
SERVICES, L.P.,                                    :
                              Defendant.         :
                                                              :
_____

**DEFENDANT CAPITAL MANAGEMENT SERVICES, L.P.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Capital Management Services, L.P. ("Defendant"), by and through

its undersigned counsel, submits this Memorandum of Law in Support of its Motion

to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 16). For all of the reasons expressed

1

below, this Court should grant Defendant's Motion to Dismiss Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") 47 C.F.R. § 64.1200 *et. seq.* ("TCPA Regulations"), and 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## I.    INTRODUCTION

Plaintiff Steven J. Frato, Jr.'s ("Frato" or "Plaintiff") Amended Complaint ("Complaint") should be dismissed as a matter of law.  Plaintiff sued Defendant Capital Management Services, L.P. ("CMS" or "Defendant"), asserting claims arising out of phone calls that CMS allegedly placed to him regarding a debt.  (Doc. 16 at ¶¶ 5, 6, 16, 19, 21, 42, 49-50). Plaintiff alleges, and Defendant admits for purposes of this Motion only, that Defendant is a debt collector. (Doc. 16 at ¶¶ 5-6, p. 3). Plaintiff also alleges that Defendant failed to identify itself as a debt collector when Plaintiff inquired about the purpose of the calls. (Doc. 16 at ¶ 16, p. 5). Plaintiff also alleges that Defendant failed to cease contact with Plaintiff after Plaintiff's request for cessation of contact, and that Defendant failed to provide debt validation after Plaintiff's written debt validation request on July 7, 2023. (Doc. 16 at ¶¶ 49-50, pp. 13-14). Plaintiff also alleges that Defendant called Plaintiff's cell phone at-least twenty nine (29) times, despite being on the National Do Not Call Registry and having not provided Plaintiff's consent to be contacted. (Doc. 16 at ¶¶ 14-15, 22, pp. 5-6). Plaintiff further alleges that Defendant failed to scrub its call list against the

National Do Not Call Registry and failed to honor Plaintiff's explicit request to stop calling. (Doc. 16 at ¶ 39, pp. 11-12). Plaintiff also alleges that Defendant utilized an automated telephone dialing system ("ATDS") in placing the calls to Plaintiff. (Doc. 16 at ¶¶ 22-26, pp. 6-8). In making these claims, however, Plaintiff has failed to allege a plausible claim for relief that Defendant used an ATDS. Plaintiff's bare allegations fall short of the pleading standard governing a claim for relief under the TCPA. This Court should also dismiss Plaintiff's claims that Defendant violated the TCPA Regulations because Defendant did not place telemarketing calls to Plaintiff. This Court should also find that Defendant is exempt from the prohibitions of the National Do Not Call Registry.

Defendant, therefore, respectfully requests that Defendant's Motion to Dismiss be granted and Plaintiff's Amended Complaint be dismissed with prejudice because Plaintiff has failed to state a claim upon which relief may be granted.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   Plaintiff's Claims

Plaintiff alleges that Plaintiff's cell phone number ending in 6399 was placed on the "National Do Not Call Registry" as of February 4, 2023, and Plaintiff never provided Plaintiff's consent to be contacted via this cell phone number by Defendant. (Doc. 16 at ¶¶ 13-15, pp. 4-5). Plaintiff alleges that "Defendant is a company that uses the mail, telephone or facsimile in a business whose principal

3

purpose is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due by another. (Doc. 16 at ¶ 5, p. 3). Plaintiff alleges that Defendant is "engaged in the business of collecting debts from consumers in the State of New Jersey." (Doc. 16 at ¶ 6, p. 3). Plaintiff alleges that Defendant placed "at least twenty-nine unsolicited telemarketing calls" to Plaintiff's cell phone between May 12, 2023 and July 27, 2023. (Doc. 16 at ¶¶ 13-15, pp. 4-5). Plaintiff alleges that "Defendant utilized an automated telephone dialing system ("ATDS") that produces and dials numbers sequentially, rather than manual dialing [and] Defendant willfully engaged in a fraudulent spoofing of telephone numbers, which when called back, did not ring." (Doc. 16 at ¶¶ 31-32, p. 10). Plaintiff alleges that Defendant failed to scrub its call list against the National Do Not Call Registry and failed to honor Plaintiff's request to stop calling. (Doc. 16 at ¶ 39, p. 12). Plaintiff also alleges that, when the Plaintiff attempted to ask what the call was for the Defendant on multiple occasions stated, "It is a personal business matter.", reflecting the commercial nature of the calls placed to Plaintiff. (Doc. 16 at ¶ 20, p. 6). Plaintiff further alleges that Defendant engaged in deceptive and unlawful telemarketing practices along with unlawful debt collection practices under the FDCPA. (Doc. 16 at ¶ 42, pp. 12-13).

Plaintiff alleges that Defendant violated the FDCPA by failing to identify itself as a debt collector in their communications with Plaintiff, instead misleadingly

referring to the calls as relating to a "personal business matter." (Doc. 16 at ¶ 47, p. 13). Plaintiff alleges that Defendant's refusal to disclose its identify and purpose of the call created confusion, distress and prevented Plaintiff from asserting his rights under both the FDCPA and TCPA. (Doc. 16 at ¶ 48, p. 13). Plaintiff alleges that two pieces of written correspondence were sent to Defendant by certified mail, return receipt requested, wherein Plaintiff disputed the alleged debt in its entirety. (Doc. 16 at ¶ 21, p. 6). Plaintiff alleges that Defendant did not respond. (Doc. 16 at ¶ 21, p. 6). Plaintiff further alleges that Defendant's continued calls, despite Plaintiff's clear statements disputing the debt and requesting cessation of contact, constitute harassment and abusive conduct as prohibited under the FDCPA. (Doc. 16 at ¶ 49, pp. 13-14).

Plaintiff's allegations fail to plausibly allege that Defendant called Plaintiff using the type of automatic dialing equipment that implicates the TCPA, 47 U.S.C. § 227, *et seq.* ("TCPA"). (Count I). Plaintiff's claims under the TCPA Regulations 47 C.F.R. § 64.1200 *et seq.* also fail. (Count II). For purposes of this Motion only, Defendant is a debt collector, which is exempt from the prohibitions provided in the National Do Not Call Registry. (*See National Do Not Call Registry FAQs | Consumer Advice*, https://consumer.ftc.gov/articles/national-do-not-call-registry-faqs) (last visited July 9, 2024). Further, Plaintiff's claims under the FDCPA also fail as a matter of law. (Count III).

5

For all of the reasons set forth below, this Court should dismiss Plaintiff's Amended Complaint in its entirety, with prejudice.

**B. Procedural History**

Plaintiff filed his Complaint on July 28, 2023.  (Doc. 1). On July 9, 2024, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 9). On January 8, 2025, this Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's Complaint without prejudice. (Doc. 15). This Court provided a deadline for Plaintiff to file an Amended Complaint by or on February 10, 2025. (Doc. 15).

On February 10, 2025, Plaintiff filed his Amended Complaint. (Doc. 16). On February 18, 2025, Defendant filed an application for an extension of time for Defendant to Answer, Move, or Otherwise Plead to Plaintiff's Amended Complaint. (Doc. 17). The Court granted the application, and Defendant's deadline to respond to the Amended Complaint is March 10, 2025. (Doc. 17). Thus, this Motion is timely.

**III.    LEGAL STANDARD**

**A.    Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When ruling on a motion to dismiss, the court must accept all factual allegations in the pleadings as true and draw all reasonable inferences in favor of the non-moving party.  *Id*. at 555-556. Rule 8 of the Federal Rules of Civil Procedure sets forth the general pleading requirements for claims brought in federal courts.  *See* Fed. R. Civ. P. 8.  The first step in testing the sufficiency of the complaint is to identify any conclusory allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* The second step requires the court to review the remaining factual averments to test whether the plaintiff has set forth a factual basis that provides more than the mere possibility that the alleged misconduct occurred. [O]nly a complaint that states a *plausible* claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the court to draw on its judicial experience

and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.' *Ashcroft*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2) (citations omitted)). (Emphasis added). Here, because Plaintiff has failed to allege a *plausible* claim for relief, Defendant respectfully requests that the Court grant its Motion to Dismiss. *See Ashcroft*, 556 U.S. at 679.

## IV.    ARGUMENT

### A. Plaintiff failed to plausibly allege that Defendant Called Plaintiff using an ATDS.

This Court should dismiss Count I of the Amended Complaint because Plaintiff fails to plausibly show that Defendant utilized an ATDS when placing calls to Plaintiff's personal cell phone.  (Doc. 16 at ¶¶ 28-40, pp. 9-12).

As defined by the TCPA, an "automatic telephone dialing system" is a piece of equipment with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator," and to dial those numbers. 47 U.S.C. § 227(a)(1).  In *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), the Supreme Court held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either [(a)] to store a telephone number using a random or sequential generator or [(b)] to produce a telephone number using a

random or sequential number generator." *Id.* at 1167. "Following that decision, the Third Circuit held that for a call to violate the TCPA's prohibition on the use of ATDS, the call must employ the system's capacity to use a random or sequential number generator to produce or store telephone numbers." *Perrong v. Bradford*, No. 2:23-CV-00510-JDW, 2023 WL 6119281, at *2 (E.D. Pa. Sept. 18, 2023) (citing *Panzarella v. Navient Sols., Inc.,* 37 F.4th 867, 881 (3d Cir. 2022)). "It is not enough that the system could use a random or sequential number generator to produce or store telephone numbers; it must actually do so." *Id.* (citing *Panzarella*, 37 F.4th at 881)).

In *Camunas v. National Republican Senatorial Committee*, the court granted the defendant's motion to dismiss due to the plaintiff's failure to plausibly allege the utilization of an ATDS. *Camunas v. Nat'l Republican Senatorial Comm.*, 570 F. Supp. 3d 288, 297 (E.D. Pa. 2021). The plaintiff alleged that the defendant "uses dialing technology which calls phone numbers from a stored list ...." to support the ATDS claim. *Id.* at 294–95. The plaintiff also alleged that "the volume of text messages Plaintiff received from the NRSC despite never consenting to receive calls/texts from the NRSC, coupled with the fact that Plaintiff received a text addressed to someone named 'Wilford' leads Plaintiff to believe Defendant incorrectly classified him as a subscriber named 'Wilford.'" *Id* at 295. The plaintiff reasonably believed that the defendant sent him texts using an ATDS because

9

"Defendant appears to have classified Plaintiff's number as belonging to a subscriber named 'Wilford'." *Id.* In analyzing the defendant's motion to dismiss, the court considered whether the plaintiff satisfied their burden in sufficiently pleading a claim that the defendant used an ATDS claim. *Id.* The court determined that "[t]o satisfy the ATDS element of the section 227(b) cause of action, 'courts permit the allegation of an automatic system to be pled on information or belief, but require additional factual information, such as the absence of a relationship between the parties and the random nature of the automation device.'" *Id.* at 293 (quoting *Zemel v. CSC Holdings LLC*, 2018 WL 6242484, at *3 (D.N.J. Nov. 29, 2018 and *Norman v. Sito Mobile Sols.*, No. 17-2215, 2017 WL 1330199, at *3 (D.N.J. Apr. 6, 2017)). The court stated that "[A] bare allegation that defendants used an ATDS is not enough." *Id.* (citations omitted). "Instead, '[a] plaintiff must provide 'at least some detail regarding the content of the messages or calls, thereby rend[ering] the claim that an ATDS was used more plausible.'" *Id.* (citations and quotations omitted). Due to the absence of sufficient, factual information to support the plaintiff's ATDS claim, the court found it implausible that the defendant used a device that met  definition in *Duguid* of an ATDS and dismissed the plaintiff's claims accordingly. *Id* at 297.

In *Guglielmo v. CVS Pharmacy, Inc.*, the court granted the defendant's motion to dismiss because the plaintiff failed to plausibly allege the use of an ATDS. *Guglielmo v. CVS Pharmacy, Inc.,* No. 3:20CV1560 (JBA), 2021 WL 3291532, at

*2 (D. Conn. Aug. 2, 2021). The Court stated, "The Supreme Court recently held in *Facebook v. Duguid*, that the TCPA's narrow prohibition against unsolicited calls applies only to calls produced using an ATDS or an artificial or prerecorded voice and 'excludes equipment that does not 'use a random or sequential number generator.' Because Congress 'target[ed] a unique type of telemarketing equipment that risks dialing emergency lines randomly or tying up all the sequentially numbered lines at a single entity,' automatic messages or those made merely 'without human intervention' were not the subject of § 227(b)(1)(A) and are not prohibited under the TCPA. *Id.* (citing *Duguid* at 1171, 1173). In *Guglielmo*, the plaintiff alleged that the calls were made by "an automated system" and "automatically dialed." *Guglielmo*, 2021 WL 3291532, at *2. However, the plaintiff neither alleged that his number was stored or produced with a random or sequential number generator, nor did the plaintiff claim that the calls he received used an artificial or prerecorded voice. *Id.* Thus, under *Duguid*, the plaintiff did not properly allege a violation of Section 227(b)(1)(A). *Id.*

In *Perrong v. CMI Marketing Research*, the Court determined that the plaintiff failed to plausibly allege the utilization of an ATDS. *Perrong v. CMI Mktg. Rsch. Inc.,* No. CV 22-3733, 2023 WL 6277299, at *3 (E.D. Pa. Sept. 26, 2023). The court explained, "So the question here is whether the amended complaint plausibly alleges that Defendant used the defining feature of an ATDS, i.e., 'produc[ed] or stor[ed]

telephone numbers through random- or sequential-number generation.'" *Panzarella v. Navient Sols, Inc.,* 37 F.4th 867, 874-876 (3d Cir. 2022). The Court ultimately concluded that it does not, stating, "It is a bit difficult to tell what the amended complaint is trying to say about how Plaintiff's numbers came up. The numbers were on Defendant's list, and we might logically infer that 'the computerized list itself' was used to make the calls.   But then where does the necessary 'random or sequential-number generation' come into the picture? We cannot tell." *Perrong*, 2023 WL 6277299, at 3.  In consideration of the foregoing, the Court found that, ". . . there is nothing close to a plausible pleading that Defendant was <u>using</u> an ATDS's ability to produce or store telephone numbers through random or sequential number generation." *Id.*

Courts recognize "that plaintiffs have a 'distinct factual disadvantage' in alleging the use of ATDS equipment pre-discovery, but they still 'must allege some facts permitting an inference that an ATDS was used to transmit the communications at issue.'" *Nickson v. Advanced Mktg. & Processing, Inc.*, 2023 WL 4932879, at *6 (citing *Thomas-Lawson v. Koons Ford of Balt., Inc.*, No. SAG-19-3031, 2020 WL 1675990, at *4 (D. Md. Apr. 6, 2020, dismissing TCPA claim when the 'bald and conclusory facts alleged by Plaintiff [did] not suggest that [the defendant] used an automatic system of any sort[.]'").

Here, Plaintiff has only alleged the following regarding his claim that Defendant used an ATDS: "Defendant's business model is predicated on violation of the TCPA as evidenced by their litigation history, in which multiple consumers have sued over the Defendant's blatant disregard of the TCPA." (Doc. 16 at ¶ 17, p. 5). Plaintiff alleges that the twenty-nine calls from Defendant between May 12, 2023 and July 27, 2023 originated from various phone numbers, indicating an attempt to evade call blocking or detection. (Doc. 16 at ¶ 22, p. 6). Plaintiff alleges that the pattern of calls suggested that Defendant utilized an [ATDS]. (Doc. 16 at ¶ 22, p. 6). Plaintiff alleges that the frequency and intervals of the calls further support this assertion, as calls were placed at consistent intervals, often spaced by a few days, with notable clusters of activity, such as calls occurring every two to four days in June and July 2023, indicating the use of an automated system dialing in a queue rather than manual human input. (Doc. 16 at ¶ 23, p. 6).

Plaintiff alleges that multiple calls originated from different but similar phone numbers, "demonstrating number rotation, a known tactic of auto dialers to bypass scam detection." (Doc. 16 at ¶ 23, pp. 6-7). Plaintiff alleges that the pattern further suggests an "escalation in dialing intensity, with calls occurring on consecutive days on July 5 and July 6, and multiple times per week in mid-July." (Doc. 16 at ¶ 23, pp. 6-7). Plaintiff alleges that the "callback number for many of these calls was 1-800-

504-2401, establishing that the calls were linked to the same entity despite originating from different spoofed numbers." (Doc. 16 at ¶ 23, pp. 6-7).

Plaintiff further alleges that the pattern of calls "indicated that Defendant used a dialing system designed to repeatedly attempt calls over an extended period rather than relying on human input for each call" [and] that the "increased frequency of calls in June and July 2023, with calls occurring nearly every other day, suggests an algorithm-driven escalation, which is a known behavior of auto dialers used in debt collection or telemarketing." (Doc. 16 at ¶ 24, p. 7). Plaintiff alleges that Defendant's repeated use of different "phone numbers with similar area codes demonstrates a predictable pattern that is unlikely to occur in manually dialed calls, which suggests that [Defendant's] dialing system had the capacity to store and dial numbers using a sequential number generator." (Doc. 16 at ¶ 25, p. 7). Plaintiff alleges that the "frequency, persistence and rotation of numbers demonstrate an automated process rather than human-dialed calls, which aligns with the Court's interpretation of prohibited auto dialer use under the TCPA." (Doc. 16 at ¶ 25, p. 7). Plaintiff further alleges that the "absence of voicemails and increased dialing persistence over time presents a plausible basis to allege that Defendant employed an ATDS. . ." (Doc. 16 at ¶ 26, p. 7).  Plaintiff alleges that Defendant "willfully engaged in a fraudulent spoofing of telephone numbers, which when called back, did not ring." (Doc. 16 at ¶ 32, p. 10). Plaintiff alleges that the evidence that Defendant utilized an ATDS also

14

includes (1) "a notable delay followed by a clicking noise before a representative spoke"; (2) "the use of multiple different phone numbers to contact Plaintiff, reflecting a dialing pattern characteristic of auto-dialed calls;" (3) "calls being made in rapid succession from numbers with similar patterns, indicating sequential dialing"; and (4) "a consistent delay upon answering, with a clicking noise and/or beep before a live representative spoke." (Doc. 16 at ¶ 31, p. 10).

Plaintiff's fails to plausibly plead the elements to state a claim that Defendant used an ATDS pursuant to *Duguid*. Plaintiff asserts only baseless, conclusory allegations with insufficient detail on which to base a plausible inference that Defendant actually utilized an ATDS. (Doc. 16 at ¶¶ 28-40, pp. 9-12). 47 U.S.C. § 227(a)(1). Although Plaintiff alleges that Defendant stored Plaintiff's number in a random or sequential number generator, the facts upon which Plaintiff bases this allegation are made solely upon information and belief and fail to provide *any* concrete evidence as support. (Doc. 16 at ¶ 31, p. 10). As evidenced in *Camunas*, there is no legal basis, other than Plaintiff's belief, to support Plaintiff's allegations that the use of multiple different phone numbers, calls being made in a rapid succession or a notable delay upon answering constitute evidence sufficient to plausibly allege that Defendant utilized an ATDS. Plaintiff also alleges that he spoke with representatives of Defendant on several occasions. (Doc. 16 at ¶¶ 16, 18-20,

33-34, pp. 5-6, 10, 13-14). "Speaking with a live person generally undercuts allegations of ATDS use." *Nickson*, 2023 WL 4932879, at *5 (citations omitted).

Plaintiff has not alleged the factual details to allow this Court to plausibly infer the utilization of an ATDS. For these reasons, this Court must dismiss Count I of Plaintiff's Amended Complaint.

**B. Plaintiff fails to state a claim under 47 C.F.R. § 64.1200 *et seq.***

Plaintiff's allegations that Defendant specifically violated 47 C.F.R. § 64.1200 *et seq.* must also fail.

Section 227(c) of the TCPA creates a private right of action for individuals who "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of" TCPA regulations. 47 U.S.C. § 227(c)(5). Section 64.1200(c) of the TCPA's regulations prohibits a person or entity from initiating any telephone solicitation to any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location), or a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations, which must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. 47 C.F.R. § 64.1200(c). Section 64.1200(d) of the TCPA's regulations provides that no person or entity shall initiate any artificial or prerecorded-voice

16

telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity, such as a written policy or personnel training. 47 C.F.R. § 64.1200(d)(1).

The TCPA defines "telephone solicitation" to mean "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person . . . ." 47 U.S.C. § 227(a)(4). "[C]alls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing. Therefore, calls regarding debt collection or to recover payments are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Red. 559, 565, ¶ 11 (Jan. 4, 2008).

"To state a claim under section 227(c), [Plaintiff] must plausibly allege that his phone number was on the national do-not-call registry and that the [defendant] made more than one telephone solicitation to him in a year." *Nickson*, 2023 WL 4932879, at *6. In *Nickson*, the court found that the plaintiff plausibly alleged a telephone solicitation because of the sales-like nature of the phone call. *Id.* at *6.

17

The plaintiff alleged that the defendant attempted to sell the plaintiff a service to save money on insurance. *Id.* at *7. Similarly, in *Slominski v. Globe Life, Inc.*, the court found that the plaintiff plausibly alleged a claim under section 227(c) because of the factual allegations provided in support of their claim, particularly that the defendant left voicemails to the plaintiff, requesting a call-back pertaining to "selling supplemental health insurance and life insurance". *Slominski v. Globe Life Inc.*, No. 7:23-CV-1081-D, 2024 WL 556978, at *7 (E.D.N.C. Feb. 12, 2024).

Here, Plaintiff alleges that his telephone number is on the National Do Not Call Registry. (Doc. 16 at ¶¶ 13-14, pp. 4-5). Despite this, however Plaintiff fails to state a claim under 47 C.F.R. § 64.1200 *et seq*. because Plaintiff fails to plausibly allege that Defendant's calls were the type of telephone solicitation calls that are prohibited under the TCPA regulations. Although Plaintiff alleges that Defendant placed telemarketing calls to him, Plaintiff also pleads that the calls were being made for a personal business matter. (Doc. 16 at ¶¶ 16, 20, 34, 39, pp. 5-6, 10-12). Plaintiff alleges that he only "ascertained" that Defendant was a debt collector by reviewing Defendant's website.  (Doc. 16 at  ¶ 21, p. 6).  Plaintiff, however, alleges that he "asked not to be called again since he was not the individual with the alleged <u>debt</u> . . ." (Doc. 16 at  ¶ 19, p. 6) (emphasis added).  Plaintiff also alleges that Plaintiff sent correspondence to Defendant "<u>disputing the alleged debt</u>" and that Defendant refused to respond to Plaintiff's "<u>written debt validation request</u>." (Doc. 16 at ¶ 21,

50, pp. 6, 14) (emphasis added). Plaintiff does not allege, nor does Plaintiff provide *any* factual allegations to allow this Court to infer that Defendant's calls were made for the purpose of encouraging the purchase of any goods or services. (Doc. 16). These allegations, which are a stark contrast to those in *Slominski* and *Nickson*, fall short of the standard for sufficiently pleading a claim under the TCPA regulations.

Plaintiff's own allegations and admissions further support that Defendant's phone calls were made regarding an outstanding financial obligation, and debt collection calls are not prohibited by the National Do Not Call Registry. (Doc. 16 at ¶¶ 5-6, 19, 21, 50 at pp. 3, 6, 14). (*See National Do Not Call Registry FAQs | Consumer Advice*, https://consumer.ftc.gov/articles/national-do-not-call-registry-faqs) (last visited July 9, 2024). Therefore, this Court should find that Plaintiff has failed to state a claim for which relief can be granted and dismiss Count II of the Amended Complaint, with prejudice.

## C. Plaintiff fails to state a claim under 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692(g)(b)

Plaintiff's claim under 15 U.S.C. § 1692e(11) also fails as a matter of law. Plaintiff alleges "Defendant violated 15 U.S.C. §1692g(b) by failing to respond to Plaintiff's written debt validation request sent via certified mail on July 7, 2023." (Doc. 16 at ¶ 50, p. 14). Plaintiff also alleges that Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose that Defendant was a debt collector in its communications with Plaintiff by "instead misleadingly referring to the calls as

relating to a 'personal business matter.'" (Doc. 16 at ¶ 47, p. 13). However, Plaintiff's own allegations and admissions directly refute this allegation, as Plaintiff has repeatedly stated that Plaintiff's communications with Defendant involved a "debt." (Doc. 16 at ¶ 19, 21, 49-50, p. 6, 13-14). Plaintiff also alleges that Defendant is a business that regularly collects debts. (Doc. 16 at ¶¶ 5-6 at p. 3). Plaintiff cannot have it both ways. Plaintiff alleges that Defendant (1) is a debt collector who regularly collects debts and (2) Plaintiff engaged in communications with Defendant regarding an alleged debt. (Doc. 16 at ¶¶ 5-6, 21 at pp. 3, 6). Now, under Count III of Plaintiff's Amended Complaint, Plaintiff claims to be unaware that Defendant is a debt collector, resulting in confusion and preventing Plaintiff from asserting his rights under the FDCPA. (Doc. 16 at ¶¶ 47-48 at p. 13). Plaintiff is attempting to say that Defendant did not respond to his request for validation of the debt, but he also claims he did not know that Defendant was a debt collector. (Doc. 16 at ¶¶ 16, 18, 34 at pp. 5, 10, 13). Plaintiff's own allegations are directly contradictory to each other and refute any plausible inference that Defendant failed to identify itself as a debt collector.

Plaintiff alleges that on July 7, 2023, Plaintiff sent Defendant a written request for validation of the alleged debt via certified mail. (Doc. 16 at ¶ 50 at p. 14). Plaintiff alleges that Defendant did not cease collection activities until verification of the debt was provided. (Doc. 16 at ¶ 50 at p. 14). Plaintiff alleges that Defendant

20

called Plaintiff on the following dates: July 10, 2023, July 12, 2023, July 13, 2023, July 17, 2023, July 19, 2023, July 20, 2023, July 24, 2023, July 26, 2023 and July 27, 2023. (Doc. 16 at ¶ 27 at p. 9). Defendant, however, did not receive the July 7, 2023 Letter until July 29, 2023.

At the motion to dismiss stage, courts may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, "an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Id.* at 1426 (emphasis added) (internal citations and quotation marks omitted); *see also In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) (citation omitted) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint.' " *Id.* (quoting *Watterson v. Page,* 987 F.2d 1, 3–4 (1st Cir. 1993)); *see In re Samsung Data Sec. Breach Litig.,* No. 1:23-MD-03055, 2025 WL 271059, at *13 (D.N.J. Jan. 3, 2025).

Here, Plaintiff specifically mentions the July 7, 2023 letter ("July 7, 2023 Letter") in the Amended Complaint regarding Plaintiff's 15 U.S.C. § 1692(g)(b) claim. (Doc. 16 at ¶ 50 at p. 14). Therefore, Defendant can rely on the July 7, 2023 Letter in support of this Motion as it is integral to and explicitly relied upon by Plaintiff in the Amended Complaint. (Doc. 16 at ¶ 50 at p. 14). A true and correct copy of the July 7, 2023 Letter is attached as Exhibit A.[1] Plaintiff alleges that Defendant violated 15 U.S.C. § 1692(g)(b) by failing to respond to the Letter and failing to cease all collection activities. (Doc. 16 at ¶ 50 at p. 14). However, the July 7, 2023 Letter's tracking information shows that the July 7, 2023 Letter was not delivered to Defendant until July 29, 2023. *See* Exhibit B, which is a copy of United States Postal Service Certified Mail Tracking Information for the July 7, 2023 Letter. The Letter also contains information from Defendant regarding Defendant's receipt of the Letter. (*See* Exhibit B). This directly refutes Plaintiff's allegation that Defendant had knowledge of Plaintiff's "written debt validation request" and, therefore, was required to cease all collection activities until validation was provided. (Doc. 16 at ¶ 50, p. 14). Further, by the time in which Defendant received the Letter on July 29, 2023, Plaintiff had already initiated this action by filing his original Complaint on July 28, 2023. (Doc. 1).

---

[1]Information pertaining to Defendant's employee and account information has been redacted from the July 7, 2023 Letter for privacy purposes. (Exhibit A).

As a result, this Court should find that Plaintiff has failed to state a claim for relief under 15 U.S.C. §§ 1692g(b) and 1692e(11) and dismiss Count III of the Complaint, with prejudice.

### D. Plaintiff fails to state a claim under 15 U.S.C. § 1692c(a)

Plaintiff has also failed to state a claim for relief under 15 U.S.C. § 1692c(a). (Doc. 16 at ¶ 49, pp. 13-14). Plaintiff alleges that "Defendant continued to place calls to Plaintiff despite Plaintiff repeatedly stating that he was not the intended recipient and requesting the calls cease, violating 15 U.S.C. § 1692(c)(a)." (Doc. 16 at ¶ 49, pp. 13-14). 15 U.S.C. § 1692(c)(a) provides that, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt (1) at any unusual time or place known or which should be known to be inconvenient to the consumer; (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address; or (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. 15 U.S.C. § 1692c(a).

Here, Plaintiff does not allege that Plaintiff provided a time, place or manner instruction to Defendant regarding Defendant's communications with Plaintiff.

23

(Doc. 16). Accordingly, in the absence of such an instruction, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location. 15 U.S.C. § 1692c(a)(1). Plaintiff does not allege that Defendant contacted Plaintiff at any unusual time or place, or a time or place known or which should be known to be inconvenient to the consumer. (Doc. 16). For these reasons, Plaintiff has failed to state a claim under 15 U.S.C. § 1692c(a)(1).

Plaintiff does not allege that Defendant knows or should have known that Plaintiff is represented by an attorney. (Doc. 16). In fact, Plaintiff does not allege to be represented by an attorney. (Doc. 16). Accordingly, Plaintiff has failed to state a claim under 15 U.S.C. § 1692c(a)(2). Lastly, Plaintiff has not alleged that Defendant contacted Plaintiff at Plaintiff's place of employment. (Doc. 16). Accordingly, Plaintiff has failed to state a claim under 15 U.S.C. § 1692c(a)(3).

To the extent that Plaintiff is claiming that Defendant violated 15 U.S.C. § 1692c(c), by failing to honor a request to cease communication, that section of the FDCPA is only applicable if there is a written request to cease communication. 15 U.S.C. § 1692c(c). Plaintiff has not alleged that Plaintiff sent any written request to Defendant to cease communication in paragraph 49 of the Amended Complaint. (Doc. 16).

For these reasons, this Court should find that Plaintiff has failed to state a claim for relief under 15 U.S.C. § 1692c(a) and dismiss Count III of Plaintiff's Amended Complaint, with prejudice.

### E. Plaintiff fails to state a claim under 15 U.S.C. § 1692d.

Plaintiff's claim under 15 U.S.C. § 1692d also fail as a matter of law. Section 1692d prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d; *Reed v. IC Sys., Inc.,* No. 3:15-279, 2017 WL 89047, at *4 (W.D. Pa. Jan. 10, 2017).

"Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" violates § 1692d [and] actual harassment or annoyance turns on the volume and pattern of calls made." *Turner v. Pro. Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 577 (D.N.J. 2013). The ultimate question is whether the debt collector's conduct had "the natural consequence ... to harass, oppress, or abuse [the] plaintiff." *Regan v. Law Offices of Edwin A. Abrahamsen & Assocs., P.C.*, No. 08–5923, 2009 WL 4396299, at *5 (E.D. Pa. Dec. 1, 2009).

Plaintiff alleges that Defendant placed "at least twenty-nine unsolicited telemarketing calls" to Plaintiff's cell phone between May 12, 2023 and July 27, 2023. (Doc. 16 at ¶¶ 13-15, 27, 30, pp. 4-5, 8-10). This cannot be construed as conduct that had the natural consequence to harass, oppress or abuse Plaintiff. *Chisholm v. AFNI, Inc.,* No. CV 15-3625(JBS/JS), 2016 WL 6901358, at *4 (D.N.J. Nov. 22, 2016) (holding that eighteen phone calls placed to plaintiff's cell-phone over a three week period did not arise to conduct that had the natural consequence to harass, oppress or abuse plaintiff); *Arteaga v. Asset Acceptance, LLC,* 733 F. Supp. 2d 1218, 1237 (E.D. Cal. 2010) (holding that daily phone calls placed to a consumer does not constitute a violation of the FDCPA); *Waite v. Financial Recovery Services, Inc.,* No. 8:09–cv–02336–T–33AEP, 2010 WL 5209350, at *5 (M.D. Fla. Dec. 16, 2010) (noting that even though the call log showed that the defendant placed up to twenty-nine (29) calls in a single month and up to four (4) calls in a single day, nothing in the record indicated "that the phone calls were intended to be annoying, abusive, or harassing"); *Beeders v. Gulf Coast Collection Bureau*, 796 F. Supp. 2d 1335, 1338 (M.D. Fla.), *aff'd sub nom. Beeders v. Gulf Coast Collection Bureau, Inc.,* 432 F. App'x 918, 1338 (11th Cir. 2011). Accordingly, Defendant's alleged conduct in this instant matter cannot plausibly be construed as having the intent to annoy, abuse or harass in violation of 15 U.S.C. § 1692d.

For these reasons, this Court should find that Plaintiff has failed to state a claim for relief under 15 U.S.C. § 1692d and dismiss Count III of Plaintiff's Amended Complaint, with prejudice.

## V.    CONCLUSION

Wherefore, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

**KAUFMAN DOLOWICH, LP**

By:    /s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA  19103
(v) 215-501-7002; (f) 215-405-2973
rperr@kaufmandolowich.com;
mlittman@kaufmandolowich.com
Attorneys for Defendant Capital
Management Services, L.P.

Dated:  March 10, 2025

27

## **CERTIFICATE OF SERVICE**

I, Richard J. Perr, certify that on or about this date, I caused to be served a true and correct copy of the foregoing the Court's CM/ECF system on the following:

Steven J. Frato, Jr.
22 Lilac Lane
Barnegat, NJ 08005
fratosteven@gmail.com

Dated: March 10, 2025                    /s/ Richard J. Perr
                                         RICHARD J. PERR, ESQUIRE