**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**KAUFMAN DOLOWICH, LP**
BY RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
**Attorneys for Defendant Capital Management Services, L.P.**

| | | |
|---|---|---|
| STEVEN J. FRATO, JR., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:23-cv-04049-MAS-JBD |
| | : | |
| CAPITAL MANAGEMENT | : | |
| SERVICES, L.P., | : | |
| Defendant. | : | |

**DEFENDANT CAPITAL MANAGEMENT SERVICES, L.P.'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Respectfully submitted,
**KAUFMAN DOLOWICH, LP**
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
rperr@kaufmandolowich.com;
mlittman@kaufmandolowich.com
Attorneys for Defendant Capital Management Services, L.P.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ....................................................................................2

II. ARGUMENT ..........................................................................................2

A. Plaintiff's Complaint does not meet the pleading standard under *Duguid*……………………………………………………………...2

B. Defendant did not conceal Defendant's identity as a debt collector…………………………………………………………...…..5

C. Plaintiff fails to state a claim under 15 U.S.C. § 1692 *et seq.*…………6

D. Plaintiff's Opposition includes allegations that were not raised in Plaintiff's Amended Complaint……………………………..8

III. CONCLUSION......................................................................................9

# TABLE OF AUTHORITIES

**Cases** **Page**

*Arteaga v. Asset Acceptance, LLC*,
733 F. Supp. 2d 1218, 1237 (E.D. Cal. 2010)……………………………7
*Bell v. City of Philadelphia*,
275 Fed.Appx. 157, 160 (3d Cir. 2008)…………………………………..8
*Camunas v. Nat'l Republican Senatorial Comm.*,
570 F. Supp. 3d 288 (E.D. Pa. 2021) ..........................................................3, 5
*Carieri v. Midland Credit Mgmt., Inc.*,
No. CV 17-0009 (JLL), 2017 WL 2779750 (D.N.J. June 26, 2017)………..9
*Com. Of Pa. ex. Rel. Zimmerman v. PepsiCo, Inc.*,
836 F.2d 173, 181 (3d Cir. 1988)…………………………………………8
*Facebook, Inc. v. Duguid*,
141 S. Ct. 1163 (2021)..........................................................................2, 3
*Nickson v. Advanced Mktg. & Processing, Inc.*,
No. CV DLB-22-2203, 2023 WL 4932879 (D. Md. Aug. 2, 2023)………4, 5
*Norman v. Sito Mobile Sols.*,
No. 17-2215, 2017 WL 1330199 (D.N.J. Apr. 6, 2017)……………………..4
*Panzarella v. Navient Sols., Inc.*,
37 F.4th 867, 881 (3d Cir. 2022)…………………………………………3
*Perrong v. Bradford*,
No. 2:23-CV-00510-JDW, 2023 WL 6119281 (E.D. Pa. Sept. 18, 2023)…...3
*Scott v. Cohen*,
528 Fed.Appx. 150, 152 (3d Cir. 2013)…………………………………..8
*Thomas-Lawson v. Koons Ford of Baltimore, Inc.*,
No. CV SAG-19-3031, 2020 WL 1675990 (D. Md. Apr. 6, 2020)…………4
*Waite v. Financial Recovery Services, Inc.*,
No. 8:09–cv–02336–T–33AEP,
2010 WL 5209350 (M.D. Fla. Dec. 16, 2010)……………………………7
*Warfield v. SEPTA*,
460 Fed.Appx. 127, 132 (3d Cir. 2012)…………………………………..8
*Zemel v. CSC Holdings LLC*,
2018 WL 6242484 (D.N.J. Nov. 29, 2018)………………………………4

**Rules**

Fed. R. Civ. P. 12(b)(6) ...............................................................................1, 2, 9

**Statutes**

15 U.S.C. § 1692c(b)……………………………………………………….8
15 U.S.C. § 1692d…………………………………………………………2, 8
15 U.S.C. § 1692g(b)………………………………………………………2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**KAUFMAN DOLOWICH, LP**
BY RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
**Attorneys for Defendant Capital Management Services, L.P.**

| | | |
|---|---|---|
| STEVEN J. FRATO, JR., Plaintiff, | : | |
| v. | : | NO. 3:23-cv-04049-MAS-JBD |
| CAPITAL MANAGEMENT SERVICES, L.P., Defendant. | : | |

**DEFENDANT CAPITAL MANAGEMENT SERVICES, L.P.'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Capital Management Services, L.P. ("Defendant"), by and through its undersigned counsel, respectfully submits this Reply Brief in support of Defendant's Motion to Dismiss Plaintiff Steven J. Frato, Jr.'s ("Plaintiff") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 18-19).

## I. INTRODUCTION

Plaintiff's Response in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition") is misguided, as Defendant did not misapply the pleading standard set out by the U.S. Supreme Court in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). (Doc. 21 at pp. 5-8). Further, Plaintiff's Opposition fails to consider that Defendant relied on Plaintiff's own allegations to support Defendant's argument that the calls at issue were made for the purpose of debt collection and, therefore, are not the type of calls prohibited by the National Do Not Call Registry. (Doc. 21 at pp. 8-11). Plaintiff's 15 U.S.C. § 1692(g)(b) is also unfounded, as Defendant did not have the requisite knowledge of Plaintiff's request for validation, nor did Defendant engage in conduct that has the type of natural consequence required to implicate liability under 15 U.S.C. § 1692d. (Doc. 21 at pp. 13-15). For the reasons set forth below and in Defendant's Motion to Dismiss (Docs. 18-19), Defendant respectfully requests that this Court dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## II. ARGUMENT

### A. Plaintiff's Complaint does not meet the pleading standard under *Duguid*.

Plaintiff's Opposition argues that Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Defendant's Motion") misapplies the pleading standard for an automated telephone dialing system ("ATDS") under *Duguid*. (Doc. 21 at pp. 5-

8). Specifically, Plaintiff alleges that Defendant's Motion imposes a heightened pleading standard that is inconsistent with courts' interpretation of *Duguid*. (Doc. 21 at p. 5).

Plaintiff's contentions are inaccurate because Plaintiff fails to consider that Plaintiff's allegations involving an ATDS trigger a heightened pleading standard that has been adopted by Federal Courts, including those within the Third Circuit, since *Duguid*. Courts have consistently held that bare allegations involving the use of an ATDS are insufficient, and that "[a] plaintiff must provide 'at least some detail regarding the content of the messages or calls, thereby rend[ering] the claim that an ATDS was used more plausible." *Camunas v. Nat'l Republican Senatorial Comm.*, 570 F. Supp. 3d 288, 297 (E.D. Pa. 2021). Following *Duguid*, Courts have not only held that for a call to violate the TCPA's prohibition on the use of an ATDS, the system must have capacity to use a random or sequential number generator to produce or store telephone numbers, but that the call employed that system when contacting a consumer. "It is not enough that the system could use a random or sequential number generator to produce or store telephone numbers; it must actually do so." *Perrong v. Bradford*, No. 2:23-CV-00510-JDW, 2023 WL 6119281, at *2 (E.D. Pa. Sept. 18, 2023) (citing *Panzarella v. Navient Sols., Inc.*, 37 F.4th 867, 881 (3d Cir. 2022)). The court determined that "[t]o satisfy the ATDS element of the section 227(b) cause of action, 'courts permit the allegation of an automatic system

to be pled on information or belief, but require additional factual information, such as the absence of a relationship between the parties and the random nature of the automation device.'" *Zemel v. CSC Holdings LLC*, 2018 WL 6242484, at *3 (D.N.J. Nov. 29, 2018); *Norman v. Sito Mobile Sols.*, No. 17-2215, 2017 WL 1330199, at *3 (D.N.J. Apr. 6, 2017)). Courts recognize "that plaintiffs have a 'distinct factual disadvantage' in alleging the use of ATDS equipment pre-discovery, but they still 'must allege some facts permitting an inference that an ATDS was used to transmit the communications at issue.'" *Nickson v. Advanced Mktg. & Processing, Inc.*, 2023 WL 4932879, at *6 (citing *Thomas-Lawson v. Koons Ford of Balt., Inc.*, No. SAG-19-3031, 2020 WL 1675990, at *4 (D. Md. Apr. 6, 2020, dismissing TCPA claim when the 'bald and conclusory facts alleged by Plaintiff [did] not suggest that [the defendant] used an automatic system of any sort[.]'").

Here, despite Plaintiff's attempt to state otherwise, Plaintiff's Amended Complaint does not plead sufficient detail upon which this Court may plausibly infer that Defendant utilized an ATDS. Plaintiff's Opposition states that, "Plaintiff's factual allegations -- timing, frequency, number rotation, abandoned calls and repeated scripting -- support a strong inference that Defendant used a system with the capacity to store or produce numbers using a random or sequential number generator and to dial those numbers." (Doc. 21 at p. 7). Although Plaintiff alleges that Defendant stored Plaintiff's number in a random or sequential number generator,

the facts upon which Plaintiff bases this allegation are made solely upon information and belief and fail to provide *any* concrete evidence as support. (Doc. 16 at ¶ 31, p. 10). As evidenced in *Camunas*, there is no legal basis, other than Plaintiff's belief, to support Plaintiff's allegations that the use of multiple different phone numbers, calls being made in a rapid succession or a notable delay upon answering constitute evidence sufficient to plausibly allege that Defendant utilized an ATDS. Plaintiff also alleges that he spoke with representatives of Defendant on several occasions. (Doc. 16 at ¶¶ 16, 18-20, 33-34, pp. 5-6, 10, 13-14). "Speaking with a live person generally undercuts allegations of ATDS use." *Nickson*, 2023 WL 4932879, at *5 (citations omitted).

Accordingly, this Court should determine that Plaintiff's Amended Complaint fails to allege the factual details necessary to allow this Court to plausibly allege the utilization of an ATDS, and grant Defendant's Motion to Dismiss.

**B. Defendant did not conceal Defendant's identity as a debt collector**

Plaintiff states that Defendant concealed it's identity as a debt collector, thereby transforming the calls into solicitations, which are not exempt from the TCPA. (Doc 21. at p. 8). However, Plaintiff fails to consider that Defendant relied upon Plaintiff's own allegations that Defendant is a debt collector and the purpose of the phone calls was regarding a debt, which are exempted from the Do Not Call Registry. (Doc. 16 at ¶¶ 5-6, , 19, 21, 50 at pp. 3, 6, 14). Plaintiff alleges that

Defendant is a debt collector. (Doc. 1 at ¶¶ 5-6, p. 3). Plaintiff also alleges that he "asked not to be called again since he was not the individual with the alleged debt . . ." (Doc. 16 at ¶ 19, p. 6) (emphasis added). Plaintiff also alleges that Plaintiff sent correspondence to Defendant "disputing the alleged debt" and that Defendant refused to respond to Plaintiff's "written debt validation request." (Doc. 16 at ¶ 21, 50, pp. 6, 14) (emphasis added). Plaintiff does not allege, nor does Plaintiff provide *any* factual allegations to allow this Court to infer that Defendant's calls were made for the purpose of encouraging the purchase of any goods or services. (Doc. 16).

Therefore, this Court should find that Plaintiff has failed to state a claim for which relief can be granted and dismiss Plaintiff's Amended Complaint, with prejudice.

**C. Plaintiff fails to state a claim under 15 U.S.C. § 1692 *et seq*.**

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by (1) failing to disclose it's identity as a debt collector, (2) failing to cease all collection activity following receipt of Plaintiff's written request for validation and (3) engaging in conduct that is harassing, oppressing or abusive. (Doc. 21 at pp. 8-9).

Plaintiff's own allegations are directly contradictory to each other and refute any plausible inference that Defendant failed to identify itself as a debt collector. (Doc. 16). Plaintiff's allegation regarding Defendant's failure to cease

communications following Plaintiff's written request for validation is also refuted by the undisputed fact that Defendant did not receive Plaintiff's request until July 29, 2023. This disproves Plaintiff's allegation that Defendant had knowledge of Plaintiff's "written debt validation request" and, therefore, was required to cease all collection activities until validation was provided. (Doc. 16 at ¶ 50, p. 14).

Plaintiff also alleges that the twenty-nine calls that Defendant placed to Plaintiff over the course of several months constitutes conduct that harassed, oppressed or abused [Plaintiff] in connection with the collection of the debt. (Doc. 21 at p. 14). However, Courts have routinely held that the conduct alleged herein does not give rise to conduct that is intended to be annoying, abusive or harassing. *Arteaga v. Asset Acceptance, LLC,* 733 F. Supp. 2d 1218, 1237 (E.D. Cal. 2010) (holding that daily phone calls placed to a consumer does not constitute a violation of the FDCPA); *Waite v. Financial Recovery Services, Inc.*, No. 8:09–cv–02336–T–33AEP, 2010 WL 5209350, at *5 (M.D. Fla. Dec. 16, 2010) (noting that even though the call log showed that the defendant placed up to twenty-nine (29) calls in a single month and up to four (4) calls in a single day, nothing in the record indicated "that the phone calls were intended to be annoying, abusive, or harassing"). Accordingly, Defendant's alleged conduct in this instant matter, namely twenty-nine calls over several months, cannot plausibly be construed as having the intent to annoy, abuse or harass in violation of 15 U.S.C. § 1692d.

**D. Plaintiff's Opposition includes allegations that were not raised in Plaintiff's Amended Complaint**

Plaintiff's Opposition includes allegations that were not raised in Plaintiff's Amended Complaint. (Doc. 21 at pp. 9, 14). Plaintiff alleges that Defendant violated 15 U.S.C. § 1692c(b) by continuing to contact Plaintiff after Plaintiff advised Defendant that Plaintiff is not the individual whom Defendant intended to contact regarding the subject debt. (Doc. 21 at p. 9). Plaintiff's Opposition also includes an allegation that Plaintiff sent Defendant a written request for validation on July 29, 2023. (Doc. 21 at p. 14). However, Plaintiff did not plead either of these allegations in Plaintiff's Amended Complaint. (Doc. 16). Courts within the Third Circuit have consistently held that a Plaintiff may not raise new arguments in an opposition to a dispositive motion. *See Com. Of Pa. ex. Rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (noting that it "is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); *see also Scott v. Cohen*, 528 Fed.Appx. 150, 152 (3d Cir. 2013) (holding that it is a basic principle that a complaint may not be amended by the briefs in opposition to a motion to dismiss); *Warfield v. SEPTA*, 460 Fed.Appx. 127, 132 (3d Cir. 2012) (holding that a "plaintiff may not amend a complaint by raising arguments for the first time in a brief in opposition to a motion for summary judgment"); *Bell v. City of Philadelphia*, 275 Fed.Appx. 157, 160 (3d Cir. 2008) (holding that a plaintiff may not amend the complaint by raising new arguments in the brief in an opposition to a motion for

summary judgment). *Carieri v. Midland Credit Mgmt., Inc.*, No. CV 17-0009 (JLL), 2017 WL 2779750, at *2 (D.N.J. June 26, 2017). Accordingly, this Court should not consider Plaintiff's newly raised allegations in Plaintiff's Opposition to Defendant's Motion to Dismiss.

## III. <u>CONCLUSION</u>

Wherefore, Defendant respectfully requests that this Court grant Defendant's Motion and dismiss Plaintiff's Amended Complaint in its entirety, with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**KAUFMAN DOLOWICH, LP**

By: /s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
(v) 215-501-7002; (f) 215-405-2973
rperr@kaufmandolowich.com;
mlittman@kaufmandolowich.com
Attorneys for Defendant Capital Management Services, L.P.

Dated: April 14, 2025

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically via CM/ECF on the following:

Steven J. Frato, Jr.
22 Lilac Lane
Barnegat, NJ 08005
fratosteven@gmail.com

/s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE

Dated: April 14, 2025