<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN J. FRATO, JR.,

        Plaintiff,

        v.

CAPITAL MANAGEMENT SERVICES L.P.,

        Defendant.

Civil Action No. 23-4049 (MAS) (JBD)

**MEMORANDUM OPINION**

<u>**SHIPP, District Judge**</u>

    This matter comes before the Court upon Defendant Capital Management Services L.P.'s ("Capital") Motion to Dismiss (the "Motion to Dismiss") (ECF No. 18) Plaintiff Steven J. Frato Jr.'s ("Frato") Amended Complaint (the "Amended Complaint") (ECF No. 16). Frato opposed (ECF No. 21), and Capital replied (ECF No. 22). The Court has carefully considered the parties' submissions and decides the Motion to Dismiss without oral argument under Local Civil Rule 78.1. For the reasons stated below, the Motion to Dismiss is denied in part and granted in part.

**I.**     <u>**BACKGROUND**</u>[1]

    **A.**     **Factual Background**

    As this Court set forth in its previous orders, Frato brings the instant action under the Telephone Consumer Protection Act of 1991 (the "TCPA") and its implementing regulations,

---

[1] In considering the instant Motion to Dismiss, this Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

alleging that Capital improperly sought to collect upon a debt from Frato. (Am. Compl. ¶¶ 5, 6, 16, 19, 21, 34, ECF No. 16.) Specifically, that Capital used slightly varied phone numbers to make at least twenty-nine telemarketing calls to Frato's personal cell phone number from May 12, 2023, to July 27, 2023, without Frato's prior express consent. (Apr. 2024 Mem. Order 4, ECF No. 4; Am. Compl. ¶¶ 13-16, 22, 25, 26, 27, 38, 39.) At the start of each call, Frato heard a notable delay followed by a clicking noise before a representative spoke. (Am. Compl. ¶ 31.) When Capital's representatives eventually spoke, the representatives refused to identify themselves as debt collectors, indicated that they sought to discuss "a personal business matter," and asked to speak with a different person. (*Id.* ¶¶ 5-6, 15, 16, 18, 20.) Despite Frato explaining "multiple times" that he was not the person that Capital was trying to reach and asking not to be called again, Capital continued to call him. (*Id.* ¶ 18-19.) Frato sent follow-up correspondence to Capital disputing the debt. (*Id.* at ¶ 21.) Capital never responded. (*Id.*)

### B. Procedural Background

On July 28, 2023, Frato originally filed a complaint and an *in forma pauperis* ("IFP") application. (Compl., ECF No. 1.)

On April 29, 2024, this Court granted Frato's IFP application and, after an initial screening pursuant to 28 U.S.C. § 1915 (e)(2)(B), permitted Frato to file the complaint. (ECF No. 4.) Frato brought two counts in the complaint: (1) knowing and willful violation of the TCPA under 47 U.S.C. § 227, *et seq.*, specifically, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B); and (2) violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, *et seq.*, specifically, 47 C.F.R. § 64.1200(c) and (d). (Compl. ¶¶ 28-39.)

On July 9, 2024, Capital filed its first motion to dismiss. (ECF No. 9.) This Court granted the first motion to dismiss but gave Frato the opportunity to file an amended complaint. (ECF Nos. 14, 15.)

On February 10, 2025, Frato filed the Amended Complaint. (*See generally* Am. Compl.)

On March 10, 2025, Capital filed the subject Motion to Dismiss. (*See generally* Mot. to Dismiss, ECF No. 18; Def.'s Moving Br., ECF No. 19.) Frato opposed (Pl.'s Opp'n Br., ECF No. 21), and Capital replied (Def.'s Reply Br., ECF No. 22).

## II.   **LEGAL STANDARD**

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

In matters where a plaintiff proceeds pro se, district courts are required to construe the complaint liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III.   DISCUSSION

Frato brings three claims in his Amended Complaint: (1) a violation of the TCPA under 47 U.S.C. § 227, *et seq.*, specifically, 47 U.S.C. § 227(b)(1)(A)(iii) ("Count One"); (2) a violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, *et seq.*, specifically, 47 C.F.R. § 64.1200(c) ("Count Two"); and (3) violations of the Fair Debt Collection Practices Act under 15 U.S.C. §1692, *et seq.* ("FDCPA") ("Count Three"). (*See generally* Am. Compl.) Capital moves to dismiss all three Counts. The Court will address Capital's challenges to each Count in turn.

#### A.   TCPA (Count One)

Capital first moves to dismiss Count One on the basis that Frato fails to state a claim under Section 227(b)(1)(A)(iii) of the TCPA. (Def.'s Moving Br. 8-15.) The Court disagrees.

"The TCPA prohibits a person from 'using any [Automatic Telephone Dialing System ("ATDS")]' to make calls to any 'cellular telephone service' without consent." *Champion v. Credit*

4

*Pros Int'l Corp.*, No. 21-10814, 2023 WL 3452354, at *2 (D.N.J. May 15, 2023) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). An ATDS is a system that has "the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 409 (2021) (citing 47 U.S.C. § 227(a)(1)(A)).

Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits "'any person within the United States' from making calls to a phone number assigned to a 'cellular telephone service' using an '[ATDS].'" *Daubert v. NRA Grp.*, 861 F.3d 382, 389 (3d Cir. 2017) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). To adequately plead a claim under Section 227(b)(1)(A)(iii), a plaintiff must allege: "(1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent." *Todd v. Citibank*, No. 16-5204, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017) (internal quotation marks omitted) (quoting *Leon v. Target Corp.*, No. 15-1, 2015 WL 1275918, at *2 (M.D. Pa. Mar. 19, 2015)). In alleging a defendant used an ATDS, a plaintiff's "complaint must allege some facts permitting an inference that an ATDS was used." *Smith v. Pro Custom Solar LLC*, No. 19-20673, 2021 WL 141336, at *2 (D.N.J. Jan. 15, 2021) (citing *Montinola v. Synchrony Bank*, No. 17-8963, 2018 WL 4110940, at *2 (D.N.J. Aug. 28, 2018)).

Here, Capital contends that Frato "asserts only baseless, conclusory allegations with insufficient detail on which to base a plausible inference that [Capital] actually utilized ATDS." (Def.'s Moving Br. 15.) The Court is unpersuaded. Frato explicitly alleges Capital called his cellular telephone (Am. Compl. ¶¶ 13-15), and that Capital did not have Frato's prior express consent (*Id.* ¶¶ 22, 26, 38, 39). As such, the issue turns on whether Frato alleged some facts from which the Court could make a reasonable inference that Capital used an ATDS. *See e.g., Smith v. Direct Bldg Supplies, LLC*, No. 20-3583, 2021 WL 4623275, at *3 (Oct. 7, 2021) (explaining that

5

plaintiff's allegations gave rise to the inference of the use of an ATDS because the complaint alleged "that there was a noticeable pause and delay before [d]efendant came on the line" (internal quotations omitted)); *see also Smith v. Vision Solar II*, No. 20-2185, 2020 WL 7230975, at *4 (Dec. 8, 2020) (noting that "the distinctive pause at the beginning of repeated marketing calls allows for an inference that the caller was using an ATDS.").

Frato alleges that, upon information and belief, Capital utilized an ATDS "that produces and dials numbers sequentially, rather than manual dialing." (Am. Compl. ¶ 31.) In support of this assertion, Frato sufficiently alleges that: (1) the calls had "[a] notable delay followed by a clicking noise before a representative spoke"; (2) the calls were made by "multiple different phone numbers to contact [Frato], reflecting a dialing pattern characteristic of auto-dialed calls"; (3) the calls were "made in rapid succession from numbers with similar patterns, indicating sequential dialing"; (4) the calls had a "consistent delay upon answering, with a clicking noise and/or beep before a live representative spoke"; (5) the calls predominantly had a 1-800 callback number and/or versions of similar numbers; (6) Capital called Frato twenty-nine times; and (7) the calls' contents consisted of Capital's representatives refusing to identify themselves as debt collectors seeking to recover a debt, and asking to speak with a different person, to which Frato explained he was not the person whom Capital attempted to reach and conveyed he did not want to be contacted again. (*Id.* at ¶¶ 5-6, 16, 18, 23, 25, 30-31); *Smith*, 2021 WL 141336, at *2 (denying a motion to dismiss when the plaintiff alleged sufficient facts from which the Court could infer that the defendant used an ATDS while pleading the calls had a delay before the message, ended with a beep, had instructions to call a 1-800 number, and had an unusual phone number or short code); *Evans v. Nat'l Auto Div., L.L.C.*, No. 15-8714, 2016 WL 885050, at *2 (D.N.J. Mar. 8, 2016) (denying a motion to dismiss when the plaintiff alleged sufficient facts that the Court could infer that the

defendant used an ATDS as plaintiff's "allegations supply details beyond bare legal conclusions or the recitation of statutory language, such as the frequency of the calls, their content, and the period of silence heard during the call" (citation omitted)).

As such, Frato sufficiently pleaded that Capital used an ATDS, therefore, the Court denies Defendant's Motion to Dismiss Count One of the Amended Complaint.

B.  **TCPA Regulations (Count Two)**

Capital also moves to dismiss Count Two on the basis that Frato fails to state a claim under 47 C.F.R. § 64.1200(c). (Def.'s Moving Br. 16-18.) The Court agrees with Capital's arguments.

Section 227(c) of the TCPA creates a private right of action for individuals who "received more than one telephone call within any [twelve]-month period by or on behalf of the same entity in violation of the [TCPA] regulations[.]" 47 U.S.C. § 227(c)(5). The TCPA regulations, in turn, provide that "no person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

The TCPA defines "telephone solicitation" as "the initiation of a telephone call or message for *the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services*." 47 U.S.C. § 227(a)(4) (emphasis added). The Federal Communications Commission, the agency tasked with promulgating rules under the TCPA, expressly stated that "calls regarding debt collection or to recover payments are not subject to the TCPA's [] restrictions on 'telephone solicitations,'" like those set forth in 47 C.F.R. § 64.1200(c). *See In re Rules & Regulat. Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 565 (2008).

Here, Capital contends that Frato "fails to plausibly allege that [Capital's] calls were the type of telephone solicitation calls that are prohibited under the TCPA regulations" because Capital made the calls to collect debt rather than to encourage the purchase of any goods or services. (Def.'s Moving Br. 18-19.) The Court is persuaded.

Frato alleges Capital violated 47 C.F.R. § 64.1200(c)(2) when "placing at least twenty-nine telemarketing calls to [Frato], whose number is on the Do-Not-Call registry[.]" (Am. Compl. ¶ 41.) Frato supports this assertion by stating Capital "[continued to call] even after [Frato] explicitly requested that the calls stop" and Capital "[failed] to properly identify the nature of the calls[.]" (*Id.* ¶¶ 41, 42.) Frato also asserts that Capital, a debt collector, placed the subject calls to collect debt. (*Id.* ¶¶ 5, 6, 16, 19, 21, 34.) Debt collection, however, is not considered telephone solicitation. *See In re of Rules & Regulations*, 23 F.C.C.R. at 565.

As such, Frato insufficiently pleaded that Capital violated 47 C.F.R. § 64.1200(c) and the Court, therefore, grants Defendant's Motion to Dismiss Count Two of the Amended Complaint.

### C.   FDCPA (Count Three)

Lastly, Defendant moves to dismiss Count Three on the basis that Frato fails to state claims under Sections 1692e(11), 1692c(a), 1692d, and 1692g(b) of the FDCPA. The Court finds that Frato does not have standing to assert such claims.[2]

Generally, the FDCPA regulates debt collection. *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 265 (3d Cir. 2013). To state a claim in an FDCPA action, a plaintiff must adequately allege that: "(1) []he is a consumer[;] (2) the defendant is a debt collector[;] (3) the defendant's

---

[2] Although Capital does not argue Frato lacks standing to assert a FDCPA claim (*see generally* Def.'s Moving Br.), the Court makes this finding *sua sponte*. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (stating courts "can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding").

challenged practice involves an attempt to collect a 'debt' as the Act defines it[;] and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (citations omitted). The term "consumer" means "any natural personal obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692(a)(3). "To have standing to bring an action pursuant to the FDCPA, a plaintiff must allege that he or she actually owes a debt." *Kraft v. Phelan Hallinan Diamond & Jones, P.C.*, No. 17-13765, 2019 WL 3423437, at *6 (D.N.J. July 30, 2019) (citation omitted).

Here, Frato lacks standing to pursue claims under the FDCPA because he does not allege he owes a debt. *See, e.g.*, *Benali v. AFNI, Inc.*, No. 15-3605, 2017 WL 39558, at *6 (D.N.J. Jan. 4, 2017) (finding plaintiff lacked standing to bring a FDCPA claim when plaintiff did not claim he owed a debt). Rather, Frato alleged Capital called him in efforts to discuss another individual's debt—not his own. (Am. Compl. ¶¶ 18, 19); *Kraft*, 2019 WL 3423437, at *6 (granting a motion to dismiss a FDCPA claim when plaintiff did not allege he owed any debt, but rather, debt collectors called plaintiff with the intention of reaching other individuals) (citation omitted). Moreover, Frato even sent Capital follow-up correspondence disputing that he owed the debt. (Am. Compl. ¶ 21.) The Court, therefore, grants Defendant's Motion to Dismiss Count Three of the Amended Complaint.

## IV. **CONCLUSION**

For the reasons set forth above, Capital's Motion to Dismiss is denied in part and granted in part. The Court will issue an Order consistent with this Memorandum Opinion.

Dated: 10/6/2025

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**