UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. FRATO, JR., | Civ. No. 23-04049 (MAS) (JBD) |
| Plaintiff, | ARB: Yes __   No _x_ |
| -vs- | <u>ORDER SCHEDULING CONFERENCE</u> |
| CAPITAL MANAGEMENT SERVICES L.P., | |
| Defendant. | |

**IT IS on this 21st day of October, 2025, hereby:**

**ORDERED**, pursuant to Fed. R. Civ. P. 16, that a scheduling conference will be held before **the Honorable J. Brendan Day, U.S.M.J.**, on **12/3/2025 at 2:30pm** via **Microsoft Teams**. Dial-in information will be provided prior to the conference; and it is further

**ORDERED that:**

(1) before the scheduling conference, all counsel and individuals who are appearing on their own behalf ("*pro se*") shall confer on a Joint Discovery Plan (*see* L. Civ. R. 26.1(b));

(2) the Joint Discovery Plan, described more fully below, as well as any disputes regarding it, shall be filed electronically via ECF **no later than two (2) weeks** before the scheduling conference;

(3) at the scheduling conference, all parties not appearing *pro se* shall be represented by counsel with full authority to speak for their clients in all pretrial

1

matters (see L. Civ. R. 16.1(a));

    (4)    plaintiff(s) shall notify any party or counsel who hereafter enters an appearance for the scheduling conference and forward to that party a copy of this Order; but on any third-party claim, counsel for the third-party plaintiff(s) shall send a copy of this Order to counsel for the third-party defendant(s);

    (5)    the parties shall advise the Court **immediately** if this action has been settled or terminated, so that the above conference may be canceled; and it is further

**ORDERED** that counsel and litigants are advised that, pursuant to Fed. R. Civ. P. 26, 30, and 33, early disclosure requirements and limitations on depositions and interrogatories will be enforced; therefore, counsel shall exchange the following information without formal discovery requests:

    (1)    identities of individuals with knowledge of facts that support your claims or defenses;

    (2)    a copy of, or description by category and location of, documents and things in the possession of counsel or the parties regarding disputed issues;

    (3)    insurance agreements in force; and

    (4)    statement of the basis for any damages claimed;

and it is further

**ORDERED** that the meeting of the parties required by Fed. R. Civ. P. 26(f) shall take place **no later than three (3) weeks** prior to the date of the scheduling

conference; and it is further

**ORDERED** that all parties shall confer and file via ECF a **Joint Discovery Plan no later than two (2) weeks before** the scheduling conference. The conference date should appear on the caption of the Joint Discovery Plan, which shall include, **at a minimum**, the following items:

(1) a brief statement of the facts underpinning the claims or defenses in the action, as well as a brief statement of the legal issues in the case;

(2) a description of all discovery that the parties have conducted to date;

(3) a description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties' suggested resolution of the problems;

(4) a description of the parties' further discovery needs;

(5) the parties' estimate of the time needed to complete discovery;

(6) a statement regarding whether expert testimony will be necessary, and the parties' anticipated schedule for retention of experts and submission of their reports;

(7) a statement regarding whether there should be any limitation(s) placed upon use of any discovery device and, if so, the reasons the limitation(s) is/are sought;

(8) a description of any special discovery needs of the parties

>> (*e.g.*, videotape, telephone depositions, or problems with out-of-state witnesses or documents, or discovery of digital information) (*see* L. Civ. R. 26(d)); and
>
> (9) a statement regarding whether the entry of a Confidentiality Order will be requested; and it is further

**ORDERED** that in all patent cases, the Joint Discovery Plan shall include the topics set forth in Local Patent Rule 2.1; and it is further

**ORDERED** that in all patent cases where the parties cannot agree on a proposed schedule, the Court will apply the scheduling provisions set forth in the Local Patent Rules (*see generally* L. Civ. R. 9.3).

**The parties are advised that sanctions may be imposed pursuant to Fed. R. Civ. P. 16(f) if counsel or a *pro se* litigant either fails to appear at the conference or appears unprepared.   Each attendee at the scheduling conference shall be fully familiar with the file, and have full authority to bind his, her or their clients in all pretrial matters.**

       *s/   J. Brendan Day*

       **J. BRENDAN DAY**
       **UNITED STATES MAGISTRATE JUDGE**

ALTERNATIVE DISPUTE RESOLUTION
IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY

**Mediation** is the Alternative Dispute Resolution (ADR) program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer **(currently United States Magistrate Judge Leda Dunn Wettre)** who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that **must** be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to **Rule 26(a)(1) of the Federal Rules of Civil Procedure.**

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. **The mediator's hourly rate is $300.00,** which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

Civil actions in which there are pro se parties (incarcerated or not) are not eligible for mediation.